[No. 11253.   Department Two. — September 23, 1886.]

## THE PEOPLE ET AL., APPELLANTS, v. HIRAM HULBERT ET AL., RESPONDENTS.

SWAMP AND OVERFLOWED LAND — ACTION TO ENFORCE ASSESSMENT — STATUTE OF LIMITATIONS. — An assessment for the reclamation of swamp and overflowed lands is a liability created by statute, within the meaning of subdivision 1, section 338 of the Code of Civil Procedure, and an action to enforce it is barred if not commenced within three years after the cause of action accrued.

APPEAL from a judgment of the Superior Court of Yolo County.

The facts are stated in the opinion.

*A. C. Adams,* for Appellants.

*George P. Harding,* and *John W. Goin,* for Respondents.

BELCHER, C. C.—In December, 1870, an assessment for reclamation purposes was levied upon the lands situate in reclamation district number 108, and on the

fifth day of May, 1871, it became delinquent.   On the ninth day of August, 1884, this action was commenced to enforce payment of the assessment against certain lands in the district owned by defendant.   The defendant demurred to the complaint upon the ground that the cause of action was barred by subdivisions 1 of sections 338 and 339, and by sections 343 and 345 of the Code of Civil Procedure.   The court below sustained the demurrer, and we think properly.

Under subdivision 1 of section 338, "an action upon a liability created by statute, other than a penalty or forfeiture," is barred if not commenced within three years after the cause of action accrues.

In *Perry* v. *Washburn*, 20 Cal. 318, it was held that taxes are not debts, nor founded upon contract, but charges upon persons or property to raise money for public purposes.   In *People* v. *McCreery*, 34 Cal. 454, it is said that "taxes are charges, imposed by or under the authority of the legislature, upon persons or property subject to its jurisdiction."

A swamp land assessment is a charge imposed upon property by authority of the legislature, and is thus clearly a "liability created by statute."   The fact that it is only a lien upon the property assessed and not a direct charge against the owner is immaterial.   "A lien is a charge imposed upon specific property, by which it is made security for the performance of an act."   (Code Civ. Proc., sec. 1180.)

The act here, for the performance of which the land was made security, was the payment of the assessment. An action was required to enforce the performance of the act, and it could only be brought within the time prescribed by statute.   (*San Francisco* v. *Jones*, 10 Saw. 151; *State* v. *Yellow Jacket S. M. Co.*, 14 Nev. 226.)

The special act of the legislature referred to by the appellant (Stats.   1871–72, p. 696), has no application

to the case. It provides only that warrants and assessments, while they remain unpaid, shall bear interest.

The judgment should be affirmed.

Foote, C., and Searls, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment is affirmed.