PEOPLE ex rel. HEMMERT v. YORK et al.

(Supreme Court, Appellate Division, Second Department.   June 6, 1899.)

GREATER NEW YORK—POLICE FORCE—CONSTABLE OF VILLAGE OF ARVERNE BY
THE SEA.
.On August 5, 1896, the trustees of the village of Arverne by the Sea,
which is situated in a part of Queens county included in Greater New York,
adopted a resolution appointing H. a police constable, without regular
compensation, his term to continue during the pleasure of the board.   On
December 1, 1897, the trustees, by resolution, appointed H. and three oth-
ers policemen for one year, but fixed no salary for him, providing that
he should be paid by fees.   The only payment ever made to him consisted
of a single sum of four dollars.   No provision was ever made for him in the
tax budget.   *Held*, that H. was not a patrolman of the village, and entitled
to compensation as such, under section 280, Greater New York Charter
(Laws 1897, c. 378), providing that patrolmen of the police force of any
town or village in that part of Queens county included in Greater New
York shall be members of the police force.

Appeal from special term, Queens county.

Mandamus by George Hemmert against Bernard J. York and oth-
ers, as police commissioners of the city of New York, to compel them
to recognize him as a member of the police force.   From an order
denying his application for a peremptory writ, he appeals.   Af-
firmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

John J. Lenehan, for appellant.
William J. Carr, for respondents.

WILLARD BARTLETT, J.   On the 5th day of August; 1896, the
trustees of the village of Arverne by the Sea, in Queens county,
adopted a resolution appointing the relator police constable, without
regular compensation, his term to continue during the pleasure of
the board.   On the 1st day of December, 1897, the trustees of the
village adopted a series of resolutions appointing Edward Stroscheim,
Michael Albert, John Henry Mills, and George Hemmert, the relator,
each a policeman of the village for the term of one year thereafter.
These resolutions fixed specified sums as salaries for Stroscheim, Al-
bert, and Mills, but omitted to fix any specified sum as a salary for
the relator.   It is alleged in the relator's moving affidavit, however,
that the trustees fixed a compensation for him by providing that he
should be paid by fees for his services, and this allegation is not de-
nied.   It appears, however, from one of the answering affidavits read
in behalf of the respondents, that the only payment ever made to him,
as a police officer, out of the village funds, consisted of a single sum
of four dollars.   No provision was made for paying him anything
in the village tax budget for the fiscal year from July 1, 1897, to
June 30, 1898; and it is quite evident, from all the facts in the case,
that it must have been understood, both by the relator and the vil-
lage authorities, that he was to be compensated for such services as
he might render by the receipt of fees such as would be payable to a
constable for like services.   The question which must control the

disposition of this appeal is whether a person exercising such func-
tions, under such an appointment, and upon such terms as have been
stated, was a patrolman of the police force of the village of Arverne
by the Sea, within the meaning and intent of section 280, Greater
New York Charter (Laws 1897, c. 378). That section reads as fol-
lows:

"The captain and each sergeant, roundsman and patrolman of the police
force of the county of Richmond, or of any town or village in that part of the
county of Queens included in the city of New York, as hereby constituted,
shall be members of the police force specified in section two hundred and
seventy-six of this act."

Any patrolman of the police force of the village of Arverne by the
Sea, who occupied that position at the time this section took effect,
became entitled to its benefits, inasmuch as the village was situated
in that part of Queens county which was included by consolidation
in the new city of New York, and the effect of the section was to
make such patrolman a member of the police force of the consolidated
municipality. But was the relator a patrolman of the village police
force? I think not. He was not so denominated in the minutes of
the village board of trustees, he was paid no salary as such, nor does
it appear that he ever received anything at all by way of compensa-
tion from the village, except the small sum of four dollars, already
mentioned. The fair inference, from all the facts stated in the pa-
pers, is that the relator was, to all intents and purposes, nothing more
than a village constable; and it cannot have been the intention of
the legislature to transfer persons holding such positions, devoting
only a portion of their time to their public duties and dependent
upon fees for compensation, to the permanent police force of the
Greater New York.

I think that the application of the relator was properly denied, and
that the order of the special term should be affirmed.

Order affirmed, with $10 costs and disbursements. All concur.