(49 App. Div. 123.)

PEOPLE ex rel. CROFT v. KEATING, Commissioner of Highways.

(Supreme Court, Appellate Division, First Department. March 9, 1900.)

1. OFFICERS—ABOLISHING OFFICE—VETERANS.

Where relator, a veteran of the war of the Rebellion, was removed from the position of assistant foreman in the department of highways, and the position abolished, and there was no position in the department, similar to the one which was abolished, which relator was fitted to fill, it was error to grant a peremptory writ of mandamus, addressed to the commis-

sioner of highways, to transfer relator to some other branch of the service, where he would receive the same compensation as while assistant foreman.

2. PEREMPTORY MANDAMUS—OPPOSING AFFIDAVIT.
    Where a motion for a peremptory writ of mandamus is made, the question of the right of the relator must be considered on the supposition that the opposing affidavit is true.

3. OFFICERS—REMOVAL—REINSTATEMENT—LACHES.
    Where relator was removed from a public office, the fact that he had been informed that the law as to reinstatements was unsettled, and that applications for reinstatement were pending and undetermined, did not excuse his delay in not making application for mandamus for reinstatement until nearly nine months after his removal.

Appeal from special term, New York county.

Application by the people, on the relation of Theodore Croft, for a writ of peremptory mandamus against James P. Keating, commissioner of highways. From an order granting the writ, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.
William J. Walsh, for respondent.

RUMSEY, J. The relator alleges that he is a veteran of the war of the Rebellion, and that, being an assistant foreman in the department of highways, at a salary of $2.50 a day, he was on the 30th of June, 1898, removed from that position, and the position abolished, and that he was put to work as a laborer, receiving pay by the hour; and he asks that a peremptory writ of mandamus be granted, addressed to the commissioner of highways, to transfer him to some other branch of the service, to a duty which he is able to fulfill, in which he will receive the same compensation as he did while assistant foreman. The appellant files an answering affidavit, in which he alleges that the position of assistant foreman, occupied by the relator, was unnecessary and was abolished for reasons of economy; that since the relator's dismissal no one has been appointed to fill the position; that no other position had been created that would require similar duties; and that there was no other position in the department which Croft was fitted to fill. As the motion was made for a peremptory writ, the opposing affidavit must be taken as true, and the question of the right of the relator to that writ must be considered upon that supposition. Code Civ. Proc. § 2070; People v. City of Brooklyn, 149 N. Y. 215, 43 N. E. 554. If it is true, then, as alleged in the appellant's affidavit, that there was no other position in the department of highways similar to the one which was abolished, and which Croft was fitted to fill, he has no right to the mandamus (In re Breckenridge, 160 N. Y. 103, 54 N. E. 670), and for that reason it was error to grant the writ. But it was also error to grant it because the relator was guilty of laches in making his application. He was removed from his office on the 30th of June, 1898. He made no claim to be reinstated or to be transferred until the 26th of January, 1899; and he made no motion for this writ until the 21st of March, 1899, when he obtained an order to show

cause, returnable on the 28th of that month.   This delay, unless satisfactorily explained, is fatal.   People v. Collis, 6 App. Div. 467, 39 N. Y. Supp. 698.   The relator offers an explanation which he claims brings his case within that of In re McDonald, 34 App. Div. 512, 54 N. Y. Supp. 525; but it is quite clear that the lame excuse which he offers is not sufficient, within that case.   The mere fact that he had been informed that the law was unsettled, and that he understood that some applications were pending, undetermined, was not of itself sufficient.

For each of these reasons, therefore, the order was erroneous, and must be reversed, with costs and disbursements, and the writ denied, with $10 costs.   All concur, except INGRAHAM, J., who concurs on first ground.