PEOPLE ex rel. CARLL v. YORK, President, et al.

(Supreme Court, Appellate Division, Second Department. July 17, 1900.)

1. MUNICIPAL CORPORATIONS—POLICEMEN—DISCHARGE—ANNEXATION OF VILLAGE—MANDAMUS.

Under Laws 1869, c. 199, which authorized the board of trustees of W. to appoint a marshal, and provided that all officers appointed by said board should hold office during the pleasure of a majority of the board; and Greater New York charter, which consolidated the village of W. and others with the city of New York, and provided that the captains of the police of the several villages should be members of the New York police force,—where relator was appointed by the board of trustees of W. as captain of police, and after four years' service the board, in 1896, passed a resolution declaring the office vacant and discharging relator, he was not entitled to mandamus to compel the police commissioners of Greater New

York to recognize him as a patrolman, since he was regularly dismissed as an officer of W. before the consolidation.

2. VETERAN FIREMAN—DISCHARGE—ABOLISHMENT OF OFFICE.

Under Laws 1888, c. 119, as amended by Laws 1892, c. 577, providing that honorably discharged firemen holding positions in cities and counties cannot be discharged without notice and an opportunity to make a defense, where relator, an honorably discharged fireman, was appointed captain of police in a village, and the office was abolished by the board of trustees and relator discharged without notice, he cannot claim the protection of veteran firemen acts, since they do not apply where an office is abolished in good faith.

Appeal from special term, Queens county.

Application by the people, on the relation of Dennis J. Carll, for a peremptory writ of mandamus to compel the board of police commissioners of New York to recognize relator as a police captain. From an order denying the writ, relator appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Joseph Fitch, for appellant.
William J. Carr, for respondents.

HIRSCHBERG, J. The relator claims that at the time of the creation of the city of New York as now constituted, by the consolidation of several municipalities, he was captain of the police of the village of Whitestone, in Queens county, and that by virtue of the provisions of the charter he was entitled to be retained in the position. By the consolidation the village of Whitestone became incorporated into the city of New York, but the respondents, the board of police commissioners of that city, refuse to recognize the relator as a police captain. This proceeding was instituted to compel such recognition, and to enforce the relator's claim, but, having failed at special term, the relator appeals to this court.

The village of Whitestone was incorporated by chapter 199 of the Laws of 1869. The provisions of its charter which appear to be pertinent are the following extracts from title 3, viz.:

"Section 1. The board of trustees shall * * * also have power within the limits of said village: (1) To declare and define the duties of all officers of the corporation, whose duties are not specially prescribed by this act, and to fix their respective compensation. All officers elected or appointed by the board of trustees shall respectively hold office during their pleasure or the pleasure of a majority of them. * * * (9) To appoint a marshal or marshals, not exceeding four, for the village, who shall respectively have and exercise all the powers of constables in the village, and shall execute all lawful orders of the president and of the board. Such marshal or marshals to be entitled to the same fees as constables for like services. (10) To prevent vice and immorality; to prevent and suppress disorderly assemblages; to preserve peace and good order; to organize and maintain a competent police, but not contrary to or interfering with any law establishing or relating to the metropolitan police district; to appoint watchmen from time to time; organize such temporary bodies of police as the interests of the village may require," etc.

On the 12th day of February, 1892, the board of trustees by resolution appointed the relator captain of police, "to act without pay until a resolution of this board is passed requiring active duty of him." At the same meeting four village marshals were also appointed, of whom

the relator was one. On April 4, 1892, a resolution was passed to the effect "that the captain of police be, and he hereby is, directed to go on duty on May 1st at a salary of $40.00 per month, and that he be specially directed to enforce the ordinance in reference to license." The relator appears to have acted as so-called captain of police until the 3d day of January, 1896, at which date the board, by resolution, declared the office vacant; but it appearing that the relator refused to accept this resolution as a discharge, or to relinquish the office, the board on March 2, 1896, passed an additional resolution, reaffirming the resolution of January 3d, and specifically discharging and removing the relator from the office of policeman and captain of police, and declaring that no such office existed. In April, 1897, the relator, claiming such discharge to be illegal, and that he was therefore still in office and entitled to be paid his salary, brought an action in the supreme court against the village of Whitestone to recover such salary, which action resulted in a verdict and judgment in favor of the village, entered June 26, 1898. The present proceedings were instituted in May, 1899.

It is evident from this statement that the relator is not entitled to the relief he seeks. No such office as captain of the police of the village exists, excepting as the creation of the board of trustees, and, as their creation, it could exist only at their pleasure. So, too, the tenure of all officers appointed by the board was terminable at their pleasure, by the express language of the village charter. The relator was not only captain of the police under the terms of his original appointment, but also constituted the entire force, so that the village authorities cannot be said to have organized a competent police, as authorized by the village charter; nor was there such a police force in existence as was contemplated by the terms of the charter of the city of New York. People v. York, 43 App. Div. 433, 60 N. Y. Supp. 352. As a marshal, the relator would rank only as a village constable, and therefore was not entitled to transfer even as a patrolman. People v. Same, 41 App. Div. 305, 58 N. Y. Supp. 401. It further appears that the relator was an honorably discharged fireman, but even assuming that the protection afforded to firemen by the provisions of chapter 119, Laws 1888, as amended by chapter 577, Laws 1892, applies to positions in the villages of the state, this court has held (In re Kelly, 42 App. Div. 283, 59 N. Y. Supp. 30) that the acts cited do not prohibit the abolition in good faith of the position held by the veteran fireman. In addition to these reasons justifying the order appealed from, the adjudication on the merits against the relator in the action brought to recover his salary, and the laches exhibited by him thereafter,—nearly a year intervening between the judgment and this application,—would of themselves suffice to defeat his claim.

The order should be affirmed, with costs. All concur.