(61 App. Div. 145.)

MURPHY v. KELLER et al., Commissioners of Public Charities.

(Supreme Court, Appellate Division, First Department.  May 10, 1901.)

1. MANDAMUS—APPLICATION BARRED BY LACHES.

Where the superintendent of hospitals in the city of New York was removed without cause, an application for mandamus to compel reinstatement, filed 18 months after removal, the excuse for delay being that the law as to the right to secure reinstatement and the method of procedure had not been determined before, was properly denied because of the relator's laches.

2. STATUTES—CIVIL SERVICE RULES.

Under New York City Charter, § 1536, empowering the head of every department at any time after assuming office to remove any person assigned to service under him, the commissioners of public charities, after taking office, had authority to remove the superintendent of hospitals without cause, the civil service rules contrary to such provisions of the charter being superseded by such statute.

Appeal from special term, New York county.

Application of Thomas F. Murphy, for a writ of mandamus against John W. Keller and others, as commissioners of public charities of the city of New York.  From an order denying the motion for the writ, the relator appeals.  Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ

Roger Foster, for appellant.

Theodore Connoly, for respondents.

INGRAHAM, J.  Prior to the 1st of January, 1898, the relator held the position of superintendent of Bellevue and other hospitals of the city of New York.  On January 1, 1898, under the provisions of the charter (section 659, c. 378, Laws 1897), he was retained in the same position, which then came under the department of public charities.  On the 3d of January he was removed without notice, and it is to procure his reinstatement to this position that this proceeding is instituted.  The return of the respondents objects to the proceeding being entertained, on the ground that, while the relator was removed on the 3d of January, 1898, the proceeding for his reinstatement was not commenced until the 1st day of July, 1899.  The court below denied the application for a mandamus upon the ground, among others, that the application was made too late, and that the relator was guilty of laches; and this seems to be a complete bar to the application.  In all proceedings of this character, where a person removed from office is entitled to receive from the public compensation for the services he performs, if he intends to insist that his removal was illegal, or that the law entitles him to be reinstated, his application for reinstatement should be promptly made, so as to protect the city from the necessity of paying two persons for the same services.  In People v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71, the relator was removed on June 30, 1898, and he commenced no proceeding for reinstatement until the 1st day of March, 1899, when he obtained an order to show cause why an order of mandamus should not issue, and it was held that this delay was fatal

to his application. The excuse for the delay offered by the relator is plainly insufficient. He says that at the time he was removed the law as to his right to secure reinstatement and the method of procedure were doubtful and unsettled, and that the institution of this proceeding was delayed until the recent decisions of the special term of the supreme court, which were the first decisions settling the law on the subject of removal in the city of New York. It does not appear that these decisions had anything to do with the claim of this relator; and certainly, if the relator's claim that the rules of the municipal civil service commissioners in force on the 31st day of December, 1897, prohibited his removal was correct, there was no uncertainty in the law which justified this long delay. For this reason we think the application was properly denied.

If it were necessary to examine the merits, however, we are of the opinion that the relator was not entitled to be reinstated. By the express provisions of section 1536 of the charter of the city of New York, the respondents had power, on taking office, or any time thereafter, to remove any or all the employés of that department; and it was clearly incompetent for the civil service commissioners to overrule this provision of the charter under the guise of a rule to take away from the heads of departments the power that was conferred upon them by the legislature. The civil service rules in force at the time when the charter took effect were passed December 31, 1897, and attempted to restrict the power of the heads of departments over persons holding positions therein. They seem to me to be invalid, as an attempt by the civil service commissioners to expressly override the provisions of the charter. The provision of section 1536 of the charter, that the civil service rules in force at the time when the charter takes effect shall continue in full force and effect until new regulations shall have been adopted in accordance with its provisions, plainly relates to such rules as are not inconsistent with the charter, and any rule violating its provisions, and attempting to restrict the power granted by it to the heads of departments, is clearly void.

We think, therefore, that the order appealed from was right, and should be affirmed, with $10 costs and disbursements. All concur; HATCH, J., upon first ground stated in opinion.