PEOPLE ex rel. SPRAGUE v. MAXWELL.

(Supreme Court, Appellate Division, First Department. November 13, 1903.)

1. PUBLIC SCHOOLS—RIGHT TO TEACH—ELIGIBLE LIST—ENFORCEMENT BY MANDAMUS—LACHES.

     One who claims the right to have his name placed on the list of persons eligible to appointment as principals of public schools by virtue of New York City Charter, § 1081 (Laws 1897, p. 388, c. 378), amended by section 1089, Rev. Charter 1901 (Laws 1901, p. 469, c. 466), providing for such a list, etc.,—which, by section 1620 (Laws 1897, p. 559, c. 378), is declared a public act, and which was enacted in 1897, but who made

no application to have his name so placed until June 13, 1903, solely on the ground of ignorance of his asserted right, cannot, on account of his laches, enforce that right by mandamus.

**2. SAME—NEW YORK CITY CHARTER—CONSTRUCTION.**

New York City Charter, § 1081 (Laws 1897, p. 388, c. 378), provides for a board of examiners of applicants for teachers, who shall hold examinations and prepare eligible lists, and further provides that the city superintendent may exempt from examination a certain class of graduates of colleges recognized by the State University regents, and graduates of schools for the training of teachers, approved by the state superintendent, since 1875, and that the list shall be made up from those licensed by the board of examiners, those exempted from examination, and those duly licensed in the several boroughs prior to the date of the act. *Held*, that the provision relating to those duly licensed prior to the date of the act relates to those teaching in the city at the time the charter took effect, so as to exempt them from re-examination, but does not entitle one who was licensed in 1855, and has not taught in the city since 1865, to have his name placed upon such list.

**8. SAME—EVIDENCE—JUDICIAL NOTICE.**

The court will take judicial notice that methods of instruction have changed in the last 25 years, and that one who was competent to teach then would not necessarily be qualified now.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of John S. Sprague, against William H. Maxwell, as superintendent of schools in the city of New York. From an order granting a peremptory writ of mandamus directing defendant to place relator's name on the list of persons eligible to be appointed as principals of public schools in the city of New York, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Terence Farley, for appellant.

Royal H. Weller, for respondent.

LAUGHLIN, J. The relator will be 70 years of age on the 2d day of November of the present year. From 1854 to the 30th of June, 1902, he was a teacher or principal in the public schools of Richmond, Westchester, and New York counties. In the year 1855, and after an examination as prescribed by law, he obtained a license as teacher of grade A from the superintendent of schools of the city of New York, which rendered him eligible to teach in the grammar schools, and eligible for appointment as principal or vice principal. From 1861 to 1865, inclusive, he was a teacher in the grammar schools of the city of New York, and this was his only connection with the public schools of said city. His last teaching was as principal of the Union Free School of District No. 3 at Rye, Westchester county, which position he held from 1883 to the 1st of July, 1902. On the 14th day of December, 1868, he obtained a license to teach in any district school within the state from the Superintendent of Public Instruction of the State; and on the 24th day of September, 1888, he obtained a similar license from the State Superintendent of Public Instruction to teach in any common school within the

¶ 3. See Mandamus, vol. 33, Cent. Dig. § 285.

state. The relator claims the right to have his name placed upon the eligible list by virtue of section 1081 of the Greater New York Charter (Laws 1897, p. 388, c. 378) and 1089 of the Revised Charter of 1901 (Laws 1901, p. 469, c. 466). He made no application to have his name placed upon the eligible list until the 13th day of June, 1903. The excuse presented for this delay is that the relator was not aware of his rights until that time. Ignorance of the provisions of a public act (see section 1620, Charter of Greater New York, Laws 1897, p. 559, c. 378) is no excuse for delay in asserting any right thereunder. The motion should have been denied upon the ground of laches, even if the relator would have been entitled to the relief had he applied promptly. People ex rel. McDonald v. Lantry, 48 App. Div. 131, 132, 62 N. Y. Supp. 630; People ex rel. Croft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71; Matter of Murphy v. Keller, 61 App. Div. 145, 70 N. Y. Supp. 405.

Moreover, we are of the opinion that the relator would not have been entitled to the relief sought, even if he had made his application with due diligence. Section 1081 of the Greater New York Charter (Laws 1897, p. 388, c. 378) provides as follows:

"Sec. 1081. A board of examiners is hereby constituted whose duty it shall be to examine all applicants requiring to be licensed in and for the city of New York and to issue to those who pass the required tests of character, scholarship and general fitness, such licenses as they are found entitled to receive. * * * The board of examiners shall hold such examinations as the city superintendent may prescribe, and shall prepare all necessary eligible lists. The city superintendent shall transmit to each school board the eligible lists that are available for use within its jurisdiction. * * * Graduates of colleges and universities recognized by the regents of the University of the State of New York, who have pursued for not less than one year pedagogical courses therein; graduates of schools and colleges for the training of teachers approved by the State Superintendent of Public Instruction since the year 1875, or holding a college graduate's certificate issued by the same authority, may be exempted, in whole or in part from such examination at the discretion of the city superintendent. The names of those to whom licenses have been granted, including those exempted from examination and those duly licensed in the several boroughs prior to the date on which this act takes effect, shall be entered by the city superintendent on lists to be filed in his office, a separate list being made for each grade or kind of license for which the board of education shall, by its by-laws, make provision. * * *"

This section clearly contemplates and requires that the eligible list for each grade which the defendant is required to prepare and file in his office shall be composed of three classes, viz.: (1) Those to whom licenses have been granted by the board of examiners therein provided for; (2) those exempted from examination by the superintendent of schools as therein provided; and (3) those previously duly licensed in the several boroughs. The relator has not passed an examination or obtained a license from the board of examiners, and consequently he does not fall within the first class. If the relator's application is based upon the licenses issued by the State Superintendent of Public Instruction, it is clear that he would be obliged to submit to an examination by the board of examiners, and obtain a license from them, before being entitled to have his name placed upon the eligible list, unless he was specially exempted from

such examination by the city superintendent of schools; and this is not shown. He therefore fails to bring himself within the second class. It is contended that he is included in the third class, on account of the license issued to him by the State Superintendent of Schools nearly 50 years ago. It is manifest that, if this contention be sustained, every teacher still living, no matter how old or incompetent, who was ever licensed by the superintendent of schools of any of the boroughs now embraced within the city, would be entitled to have his or her name placed on the eligible list, and would become eligible for reappointment without further examination. We may take judicial notice that the methods of instruction have materially changed in the last quarter of a century, and. that those who were competent to teach according to the methods then in vogue would not necessarily be qualified now. It is clear that the Legislature intended, in providing for these eligible lists, that no names should be placed thereon except those of persons qualified to teach at the present time. The object of the provision relating to those holding licenses from city superintendents was to continue upon the eligible list without further examination those engaged in teaching within the limits of Greater New York at the time the Greater New York Charter took effect.

The respondent contends that the decision of this court in People ex rel. Goldy v. Maxwell, 65 App. Div. 265, 73 N. Y. Supp. 527, which was affirmed without opinion by the Court of Appeals, 169 N. Y. 608, 62 N. E. 1099, is stare decisis of the proposition that the clause of the statute, "those duly licensed in the several boroughs prior to the date on which this act takes effect," includes all holding licenses, no matter when issued, and regardless of whether they were connected with the public schools in any of the boroughs when that act took effect. We find, on examination of the record in that case, that the relator was teaching in the public schools of the city as a vice principal and acting principal at the time the Greater New York Charter took effect, at the time the Revised Charter became of force, and at the time of making the application; consequently the case could not have involved the question here considered. No material change affecting the relator's case was made by the Revised Charter of 1901.

It follows that the order should be reversed, with $10 costs and disbursements, and motion denied, with $10 costs.

PATTERSON, J., concurs. VAN BRUNT, P. J., and HATCH, J., concur in the opinion, and think also that the motion should have been denied on the ground of laches. INGRAHAM, J., concurs on the ground of laches.