[Civ. No. 103.   First Appellate District.—December 12, 1905.]

ROSALIE HARBY, Appellant, v. BOARD OF EDUCATION OF CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

MANDAMUS—RESTORATION OF DISCHARGED VICE-PRINCIPAL OF SCHOOL— STATUTE OF LIMITATIONS.—A writ of mandate to restore a person elected to the position of vice-principal of a grammar school in San Francisco, who was summarily removed therefrom without the causes specified and referred to in section 1793 of the Political Code, rests solely upon the provisions of the statute, and is upon a liability created by statute, which is barred by the statute of limitations after three years under subdivision 1 of section 338 of the Code of Civil Procedure.

ID.—LACHES AND ACQUIESCENCE.—The plaintiff's right to the writ of mandate is also barred by laches and acquiescence, where she did not bring the action therefor for more than three and one-half years after her removal, during one year of which time some one else filled the position and during all of which time the public has received no benefit of her services, for which, if reinstated, the plaintiff expects the public to pay.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.  J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Arthur H. Barendt, for Appellant.

Franklin K. Lane, and W. I. Brobeck, for Respondents.

HALL, J.—Plaintiff petitioned for a writ of mandate to compel the defendant to admit plaintiff to the use and enjoyment of the position and employment as vice-principal of the Fairmont Intermediate Grammar School of the city and county of San Francisco.  A demurrer to the complaint was sustained, and judgment thereupon entered in favor of defendants.  The appeal is by plaintiff from said judgment.

It is alleged in the complaint that plaintiff was regularly elected by the board of education of the city and county of San Francisco to the position of vice-principal of the Fairmont Intermediate Grammar School on the twenty-eighth day of December, 1898.  On the fourth day of January, 1899, the said board adopted another resolution removing her from said position, and when on the eighth day of January, 1899, she appeared at the school and demanded the right to enter upon the duties of such position, the right was refused her by the defendants, and she has never been allowed to enter into said position or to enjoy the emoluments thereof.  It also appears that before and ever since the dates mentioned she has held a position as teacher in a grammar grade in another school of said city and county.  This action was commenced August 23, 1902, more than three years after the accruing of her alleged right.  Defendants demurred, pleading insufficiency of facts, and the bar of section 339, subdivision 1, and section 338, subdivision 1, of the Code of Civil Procedure.  We think the action is barred by the provisions of subdivision 1 of section

338 of the Code of Civil Procedure. That the statute runs against applications for writs of mandate cannot be disputed, and it commences to run when the claimant is first deprived of his right. (*Barnes* v. *Gilde,* 117 Cal. 1, [59 Am. St. Rep. 153, 48 Pac. 804]; *Barber* v. *Mulford,* 117 Cal. 356, [49 Pac. 206]; *Jones* v. *Police Commrs.,* 141 Cal. 96, [74 Pac. 696].)

The liability of the defendants to this action depends upon the provisions of section 1793 of the Political Code. If it were not for such statute the board of education would have the right to transfer or remove teachers, being answerable only in damages for a violation of contract in cases of employment for a fixed period. (*Kennedy* v. *Board of Education,* 82 Cal. 483, [22 Pac. 1042].) It is only by virtue of the provisions of the statute that the teacher has a right to be protected from removal, or that any liability to this action exists against the defendants. The relief demanded by plaintiff is derived from the statute, and would have no existence if it were not for the statute. The action is upon a liability created by statute, and is therefore barred in three years. Similar views were expressed in *Barber* v. *Mulford,* 117 Cal. 359, [49 Pac. 206], which was an action for a writ of mandate to enforce the performance by a board of education of a duty enjoined by law, though, as the wrong section was pleaded, the case was not decided on this point. (See, also, *Higby* v. *Calaveras Co.,* 18 Cal. 176; *People* v. *Hurlburt,* 71 Cal. 72, [12 Pac. 43]; *Bank of San Luis Obispo* v. *Pacific C. S. S. Co.,* 103 Cal. 594, [37 Pac. 499].)

We are also of the opinion that plaintiff's right of action is barred by laches. She did not bring this action for more than three and one-half years after she was removed from the position she claims. During one year of this time, as appears by her complaint, some one else filled the position, and during none of the time has the public received the benefit of her services for which, if reinstated, she expects the public to pay. In New York state a similar law exists as to the removal of certain public officers, and in that state it has uniformly been held that a person claiming to have been unlawfully removed is guilty of laches, unless he brings his action for a writ of mandate promptly. In *Murphy* v. *Keller,* 61 App. Div. 145, [70 N. Y. Supp. 405], it is said: "In all proceedings of this character, where a person removed from office is entitled to

receive from the public compensation for the services he performs, if he intends to insist that this removal was illegal, or that the law entitles him to be reinstated, his application for reinstatement should be promptly made so as to protect the city from the necessity of paying two persons for the same services. To the same effect are *People* v. *Justices etc.,* 78 Hun, 334, [29 N. Y. Supp. 157]; *People* v. *Welde,* 28 Misc. Rep. 582, [59 N. Y. Supp. 1030]; *People* v. *Collis,* 39 N. Y. Supp. 698; *In re Vanderhoff,* 15 Misc. Rep. 434, [36 N. Y. Supp. 833]; *People* v. *Keatink,* 49 App. Div. 123, [63 N. Y. Supp. 71]; *People* v. *York,* 53 App. Div. 429, [65 N. Y. Supp. 1074]; *Murphy* v. *Keller,* 61 App. Div. 145, [70 N. Y. Supp. 405]. In several of the New York cases the delay was from four to eight months only, and yet it was held to bar the right to the writ of mandate. A delay of three and one-half years, we think, evinces such laches and acquiescence in the action of the board as precludes plaintiff from now asking to be reinstated by writ of mandate.

The judgment is affirmed.

Harrison, P. J., and Cooper, J., concurred.