(60 Misc. Rep. 329.)

PEOPLE ex rel. REHM v. WILLCOX, Public Service Com'r, et al.

PEOPLE ex rel. GORDON v. SAME.

(Supreme Court, Special Term, Queens County. July, 1908.)

1. MUNICIPAL CORPORATIONS—OFFICERS—CIVIL SERVICE EMPLOYÉS.

Under Civil Service Law, Laws 1899, p. 795, c. 370, as amended, providing that a public service employé who was a member of a volunteer fire department at the time it was disbanded can only be removed after hearing on stated charges, the public service commission were not bound to take notice that relator was a volunteer fireman, and were justified in awaiting competent evidence of that fact.

2. SAME—RIGHT TO EMPLOYMENT BY THE CIVIL SERVICE COMMISSION.

Laws 1907, p. 930, c. 429, § 82, abolished the office of inspector of gas meters, and the powers and duties of such inspector were transferred to the public service commission. Held, that relators, who were gas meter inspectors, under the state gas inspector, were deprived of their positions by the statute, and were only entitled to preference in employment by the public service commission under the civil service laws and rules, which right was recognized by the commission by a resolution that the secretary accept the transfer to a similar position in the same grade any person employed by the state inspector of gas meters.

3. SAME—DUTY TO MAKE APPLICATION.

It was relators' duty to promptly assert their right to employment under the civil service commission to entitle them to such employment.

4. MANDAMUS—GROUNDS—DEMAND AND DEFAULT—LACHES.

Though relators were entitled to preference in employment under the civil service commission upon the abolition of the office of state gas meter inspector, in which they were formerly employed, and the civil service commission neglected to appoint them, mandamus will not lie to compel their appointment where they waited 11 months after the gas inspectorship was abolished before asserting their right; there being now no available positions in the civil service commission.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 285.]

Two cases. Mandamus by the people, on the relation of Martin Rehm and of John Gordon, against William R. Willcox and others, as the public service commission of the First district. Motion for peremptory writ denied.

John Hetherington, for relators.
Geo. C. Coleman, for defendants.

GARRETSON, J. The relators move for a peremptory writ of mandamus that they may each be "reinstated and re-employed" by the defendants in the position of "gas meter inspector or tester." The position was held by them, respectively, under the inspector of gas meters of the state, as that office formerly existed, and was classified in the competitive class of the state civil service. By chapter 429, p. 889, Laws 1907, the office last referred to was abolished, and all the powers and duties of such inspector were devolved upon, and are to be exercised and performed by, the public service commission (Id. § 82). This act by its terms took effect July 1. 1907. The relators thus became deprived of their positions, and they proceed hereon upon the theory that they are entitled as of right to employment by the defendants by virtue of the provisions of the civil service law and the rules of the state civil service commission adopted thereunder.

The relator Rehm claims, also:

"That he was a member of the volunteer fire department of Long Island City [a city in the state of New York] at the time of the disbandment of such volunteer fire department on or about October 27, 1891."

That Rehm claimed to be a volunteer fireman was not communicated to the defendants until May 8, 1908, when a letter was written to the commission in his behalf, stating the fact. The defendants were not bound to take notice that Rehm was a volunteer fireman, and were justified in awaiting competent evidence thereof. At no time was it properly made known to them that he had been a member of the volunteer fire department of Long Island City "at the time of disbandment of such volunteer fire department." Civil Service Law, Laws 1899, p. 795, c. 370, as amended; People ex rel. Robisch v. President of the Borough of Queens, 190 N. Y. 497, 83 N. E. 597. So that, on this application, the position of the relator Rehm is no better than that of the relator Gordon. It may also be remarked that the defendants did not remove the relator Rehm, that he has never been in their employ, and that the positions of both relators were lost to them by legislative enactment. At most, the relators were entitled to preference in employment by the defendants under the provisions of the civil service law and rules. This right was recognized by the state civil service commission by the resolution adopted by it on July 10, 1907, set forth in relators' affidavit, which provided:

"That the secretary be instructed to accept, on or before June 30, 1908, the transfer to a similar position in the same grade, in the office of either public service commission, of any person employed in the competitive class on June 30, 1907, by the board of railroad commissioners, the commission of gas and electricity, or the state inspector of gas meters."

However obligatory it may have been for the defendants to give preference to former employés of the late inspector of gas meters, there certainly was an active duty imposed upon the relators to promptly assert their right to transfer for employment by the defendants. The defendants in the answering affidavits allege that they were unaware of the fact that the relators were such former employés until May 8, 1908, in the case of Rehm, and the commencement of this proceeding in the case of Gordon. It appears, however, by supplementary affidavits, that Gordon made known his former employment in July, 1907, and it is also shown by a paper purporting to be an affidavit of Justrow Alexander—presumably the late state inspector of gas meters—that on or about July 1, 1907, he delivered, upon request, to commissioner Maltbie, one of the defendant commissioners, a complete list of his former employés, among which appeared the names of the relators. These affidavits have been submitted without objection thereto, and hence have been considered by the court.

Assuming that it thus became incumbent upon the defendants to transfer the relators to their employment, the fact remains that this duty has been persistently neglected, and the relators have rested quietly and failed to assert the remedy here invoked until June 3, 1908 (a period of 11 months), when the orders that defendants show cause were obtained in these proceedings. I think the relators have delayed too long, and that their right to the writ of mandamus should be denied for laches. People ex rel. Craft v. Keating, 49 App. Div. 123, 63 N. Y. Supp. 71, and cases cited. No satisfactory explanation of the delay has been made. During this time the defendants have, by selection from the state civil service list, appointed other persons to the position of gas meter tester, and it is shown that there is not now, and will not be for several months, need for the service of additional men in such position.

There being no vacancy, or need of additional employés in the position of gas inspector or tester, it is not the duty of the defendants to now give employment to the relators. Matter of Breckenridge v. Scannell, 160 N. Y. 103, 54 N. E. 670; People ex rel. Chappel v. Lindenthal, 173 N. Y. 524, 66 N. E. 407.

The motions should be denied.