[Civ. No. 7042. Second Appellate District, Division Two.—April 4, 1930.]

J. EVELYN HAYES, Executrix, etc., Appellant, v. CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

[Civ. No. 7059. Second Appellate District, Division Two.—April 4, 1930.]

DANIEL F. COLLETT, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Burr A. Brown for Appellants.

Nowland M. Reid, City Attorney, and Edmund J. Callaway, Deputy City Attorney, for Respondents.

CRAIG, Acting P. J.—Petitioners F. M. Shrode, since deceased, and Daniel F. Collett, claiming to be employees of the City of Long Beach, in Los Angeles County, each petitioned the Superior Court for a writ of *mandamus* requiring the approval, allowance and issuance of his warrant for

salary. A demurrer to the petition of Shrode was over-ruled, and after trial on the merits judgment was rendered in favor of the defendants. A like demurrer to the petition of Collett was sustained without leave to amend. Upon the demise of F. M. Shrode, the executrix of his estate was substituted for the purposes of these proceedings. The petitioners appeal from the adverse rulings above mentioned.

In all of the respects pertinent to a discussion of the pleadings each case presents the same questions. It is alleged that the petitioners were employed under and were subject to the provisions of rules and regulations adopted in accordance with the city charter, which were in force and effect at all of the times mentioned. The enabling provisions of the charter, and the material portions of such rules and regulations, are set forth in the petition. The petitioners aver that while so employed they were notified in writing by the city manager that, effective within one day from the date of notice they would be ''laid off,'' ''out of your order of seniority,'' ''for the good of the service.'' Within three days thereafter, Shrode ''made application for an appeal from the aforesaid order or notice.'' Previously to such notification, Collett, having been advised by an assistant to the city manager that his services would be terminated about one year later, and being informed by said official that such decision was final, made application for an appeal, but it is not alleged that he sought an appeal from the order laying him off. Each employee requested that he be presented with specific reasons or grounds for the action taken, and that he be afforded a hearing thereon. Neither a hearing nor an appeal was permitted in either instance. Thereafter petitioners presented themselves as ready, able and willing to perform their former duties, but were not reinstated. Their warrants for compensation during the succeeding months were rejected, whereupon they petitioned the Superior Court for mandatory relief, as already stated.

It is contended by petitioners that ''each and all of the aforesaid acts and conduct . . . were had without sufficient reasons being specifically stated in writing for such suspension, discharge and reduction in rank and/or compensation; that said plaintiff . . . was denied an opportunity to be heard on appeal . . . , was denied a trial

and hearing before such civil service board under the rules and regulations of such board and the provisions of the city charter of said city." Various provisions of the city charter and of the rules and regulations of said municipality are pleaded, among which are the following:

Rule XIV: "Sec. 2. Whenever, for lack of work or lack of funds or other necessary cause, it becomes necessary in any department to reduce the force in any employment within the civil service, the employee last certified for employment in such classification, who has been accepted, shall be *laid off* first; providing that the good of the public service shall at all times be considered and the board shall have power to waive this provision. Where individual rights conflict with public rights it is understood that the former must give way."

Section 106 of the city charter: "No employee in the classified service shall be discharged or reduced in rank or compensation until he has been presented with reasons for such discharge or reduction in rank or compensation specifically stated in writing; and has been given an opportunity to be heard before the board in his own defense."

Section 107 of the city charter: "Any employee of any department in the city in the classified service who is suspended, reduced in rank, or dismissed from a department by the head of that department or the city manager, may appeal from the decision of such officer to the civil service board, . . . "

There are further allegations of fact and of legislative enactment, but from the foregoing it is apparent that their recital could serve no purpose of the petitioners. It is obvious that their recital of the charter and rules by which respondents are governed do not specially enjoin the performance of an act, or entitle the petitioners to the use or enjoyment of a right from which they are precluded, when construed in the light of admitted circumstances and conditions. (Code Civ. Proc., sec. 1085.) It nowhere appears that they performed any service for which the demanded compensation is due them, nor is it denied that the municipal departments to which they are attached were invested with discretionary powers as recited in section 2 of rule XIV. It does not lie within the province of a judicial tribunal to say as a matter of law that such discretion was

in this instance abused, nor is it attempted to be asserted that the authority conferred by said charter or rules was unjust or oppressive, or that it was discriminatory as to the petitioners. The only argument or citation of legal persuasion anywhere offered in their briefs relate solely to the procedure available to officers, or employees, discharged, suspended or reduced in rank or compensation, without cause or without an opportunity to be heard upon specified charges. In the instant case the petitioners were *laid off* for the good of the service, out of their order of seniority and for aught that we may decide, as a necessary reduction of the force under circumstances wherein public rights prevailed as against individual preference. No provision of any rule or statute to which our attention is directed brings an employee who may have been laid off under the express authority of section 2, rule XIV, within the purview of sections 106 and 107 of the city charter. Collett requested that charges be filed, and that he have a hearing thereon, and demanded that he be afforded an appeal, before he was notified that his department would lay him off. He had neither been laid off nor discharged when he sought to invoke this jurisdiction of the municipal board or council. Shrode merely demanded the filing of specific charges, a hearing, and an appeal within three days after receipt of the order laying him off. The intent and purpose of these orders were properly expressed by the board in response to Collett's request by a communication which stated, "your appeal is not properly before us, for the reason that you are still in the employ of the city." It results that no grounds for mandatory relief are presented by either petition.

The order sustaining the demurrer to the petition of Daniel F. Collett, and the judgment, are affirmed, and the judgment entered against J. Evelyn Hayes, as executrix of the estate of F. M. Shrode, deceased, is affirmed.

Thompson (Ira F.), J., concurred.

Owing to the absence of Works, P. J., he did not participate in this decision.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 2, 1930.