[Civ. No. 7617. Second Appellate District, Division Two.—March 23, 1933.]

MARY ANN. DOAN, Appellant, v. CITY OF LONG BEACH (a Municipal Corporation) et al., Respondents.

Burr A. Brown for Appellant.

Nowland M. Reid, City Attorney, and Edmund J. Callaway, Deputy City Attorney, for Respondents.

CRAIG, Acting P. J.—The appellant, a deputy assessor in and for the City of Long Beach, was summarily dismissed from employment by notice in writing signed by the city manager. She thereafter petitioned the superior court for

a writ of *mandamus* to review the proceedings effecting her dismissal and to require her reinstatement and the payment of salary to the date of said petition. A demurrer interposed by the defendants was sustained without leave to amend, and judgment was entered accordingly, from which she appealed.

By the allegations of the petition it appeared that the appellant here was employed by the city assessor of said municipality under "Class A" of the city civil service rating; that upon recommendation of the assessor the city manager issued and caused to be served a notice in writing that she was "summarily dismissed as Class A deputy assessor and from the service of the city . . . for the good of the service . . . " Upon the same day the city council in regular session and by unanimous vote approved such action. More than eighteen monthe thereafter the petitioner sought said relief from the superior court upon the ground that she "at all times herein mentioned has been and now is the duly appointed, qualified and acting 'Class A' deputy in the Division of the City Assessor . . . and an employee"; that she was ready, able and willing to so continue, and had presented herself at the office of the assessor requesting work but had been refused employment; that she was informed and believed that there were funds in the treasury with which to pay her claims for salary since the alleged dismissal, and that demands had been made therefor.

As a ground of demurrer it was contended that the petitioner was guilty of laches. It was insisted that since the dismissal dated November 23, 1928, there remained no funds with which to pay said demands in 1930, when the petition was filed, and that the action of the municipal authorities had become final. It appeared that the City of Long Beach existed under the constitutional and statutory provisions governing political subdivisions having a city manager, council, annual budget and civil service employment systems. Its fiscal year expired on each successive thirtieth day of June. The respondents urged as against demands for the period following June 30, 1929, section 18 of article XI of the Constitution, and decisions applying it. Said section of the organic law forbids any city to "incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided

for such year'', without concurrence of the electors. We must sustain the contention that funds with which to provide a salary in 1930 for a position declared vacant in 1928 must be assumed unavailable until shown to the contrary. ■ Again, it has been decided in such a case ''that a person claiming to have been unlawfully removed is guilty of laches unless he brings his action for a writ of mandate promptly. In *Murphy* v. *Keller,* 61 App. Div. 145 [70 N. Y. Supp. 405], it is said: 'In all proceedings of this character, where a person removed from office is entitled to receive from the public compensation for the services he performs, if he intends to insist that his removal was illegal, or that the law entitles him to be reinstated, his application for reinstatement should be promptly made so as to protect the city from the necessity of paying two persons for the same services.' . . . In several of the New York cases the delay was from four to eight months only, and yet it was held to bar the right to the writ of mandate.'' (*Harby* v. *Board of Education,* 2 Cal. App. 418 [83 Pac. 1081]. See, also, *Hayes* v. *City of Long Beach,* 105 Cal. App. 94 [287 Pac. 136].) Here the delay was eighteen months since appellant's dismissal, and about fifteen months after the city council is alleged to have resolved that its approval of the dismissal be rescinded. We find no element alleged to distinguish the appellant's case or to justify us in holding that it is an exception to the general rule stated in these and many other authorities.

Other issues discussed in the briefs would not affect the conclusion which we have reached, and so we do not consider them here.

The judgment is affirmed.

STEPHENS, J., Concurring.—I concur:

■ I concur in the judgment and in the opinion written by Mr. Justice Craig, but I am of the opinion that the demurrer to the complaint was properly sustained without leave to amend, upon the ground that plaintiff and appellant was effectively and legally discharged from her position and that the so-called rescission of such discharge was of no legal effect.

ARCHBALD, J., *pro tem.*—I concur in the judgment and in both of the above opinions.