## HIGBY *v.* CALAVERAS COUNTY.

UNDER the statute giving a District Attorney a commission on money collected by him for the county, it is immaterial whether he recovers the money by action of debt or proceeds by *mandamus* to procure a warrant which is obtained and subsequently converted into money by the county. In either case he is entitled to his commission.

The claim of a District Attorney for his commission on debts recovered for the county comes within that clause of sec. 17 of the Limitation Act of 1850, which bars "an action upon a liability created by statute, other than a penalty or forfeiture," in three years. Such claim is exclusively the creature of the statute.

APPEAL from the Sixteenth District.

Plaintiff, as District Attorney of Calaveras county, February 13th, 1856, obtained in the District Court a writ of mandamus against James C. Shipman, Auditor of Amador county, commanding him to issue his warrant, upon the Treasurer of Amador county in favor of the Treasurer of Calaveras county, for the sum of $26,517.32, and deliver the same to the Treasurer of Calaveras county. In compliance with the writ, the Auditor of Amador county, on the eighteenth of February, 1856, issued the warrant and delivered the same to the Treasurer of Calaveras county. The Auditor of Amador county appealed from the decision of the District Court to the Supreme Court, where the judgment of the District Court was affirmed at the October Term, 1856. September 11th, 1857, the Treasurer and Board of Supervisors of Calaveras county sold the warrant, and received for it into the treasury $30,641.04, being the principal and interest on the warrant. September 12th, 1857, the Board of Supervisors acted upon and disallowed plaintiff's account then before them, claiming ten per cent. upon said warrant. This action to recover said sum was commenced May 4th, 1860. The defendant first demurred, on the ground that the complaint did not state facts sufficient to constitute a cause of action; and the demurrer being overruled, answered, relying mainly on the points stated in the opinion of this Court. Verdict for plaintiff $2,651.13. Judgment accordingly. Defendant appeals.

*Tod Robinson,* for Appellant.

1. The Statute of Limitations may be taken advantage of on a general demurrer. (*Worthy* v. *Johnson*, 8 Geo. 236; *Swenson* v. *Walker*, 3 Texas, 93; 23 Miss. [1 Cush.] 213; 7 English Law and Eq. 141.)

2. The obtaining of a peremptory mandamus by a District Attorney on the Auditor of another county to draw his warrant at the instance of his own, is not such collecting of money by action as will entitle him to receive the ten per cent. commission on the amount included in the warrant as provided for by statute. (Wood's Dig. 65 sec. 128; Id. 64, sec. 7.)

3. The obligation of a county to give a statutory compensation to its District Attorney is not a " liability created by statute," and is within the limitation of two years. (Cro. Car. 513; 1 Saunders, 38; *Bullard* v. *Bell*, 1 Mason, 243; 8 Geo. 468; 10 Id. 164; 3 Williams, 143; 2 Leving, 166; 5 Barn. & Ald. 204; *Brady* v. *New York*, 1 Sandford, 569; *Flores* v. *Thorne*, 8 Texas, 377.)

*McConnell & Garber*, for Respondent.

1. Obtaining the warrant from the Auditor of Amador county by writ of mandamus was as direct and speedy a method as could be pursued to collect money from a county. That action settled the amount due, and the warrant was the highest order of evidence of the indebtedness. A judgment for money in an ordinary suit would be no more direct, nor could it have been more readily satisfied. (*Gilman* v. *Contra Costa Co.*, 8 Cal. 52; *Emeric* v. *Gilman*, 10 Id. 404.)

The proceeding against the Auditor of Amador was essentially an action for the collection of money, and plaintiff is entitled to ten per cent. on the amount collected, (Wood's Dig. 65, sec. 15) or entitled to nothing by this action or any other.

2. His claim was not barred by the Statute of Limitations when presented to Board of Supervisors, (Stat. 1857, 167) nor when this action was commenced. An action may be commenced within three years upon a liability created by statute. (Wood's Dig. 47, sec. 17.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

This suit was brought by the plaintiff to recover a sum of money alleged to be due by the county to the plaintiff, as a commission allowed by law for the collection of a debt of the county by legal proceedings. It seems that the proceeding adopted was a writ of mandamus to the Auditor of Amador, under which proceeding judgment was had for the relator, the warrant issued, and afterwards disposed of by the county of Calaveras, and a sum of money realized from the sale.

It is not denied that the District Attorney is entitled to a commission on claims or money demands upon which he sues and collects money. The duties and rights of District Attorneys in this State are defined by the Act of April 29th, 1851. (Wood's Dig. 64, 65.) By section three of that act, he is made public prosecutor in his county. This evidently extends to crimes alone. By section four, he must attend the Court of Sessions and District Court of his county. By section seven, his whole duty is defined to consist in drawing indictments; defending suits against his county or the State; prosecuting recognizances, and all actions for the recovery of debts, fines, penalties and forfeitures accruing to the State or county, etc. By section eight, it is provided that he shall give receipts for all moneys received in his official capacity, and by section nine, he is to render an account of the same at certain fixed periods. By section fifteen, he is to receive the salary allowed by law, in addition to fees allowed for the prosecution of offenses and forfeited recognizances. He is also to receive ten per cent. on all amounts " collected by him for the State or county by action."

But it is argued that this case is not brought within the purview of the statute, for the reason that this proceeding was not an action, but a mere mandate—not brought for the recovery of money, but to enforce a specific obligation, the direct effect of which was not the collection of money, but the enforcement of a ministerial duty, which resulted in securing the evidence of a debt rather than payment of it. We think, however, that there is more of ingenuity than soundness in this view. The statute makes no other

provision for this service, and we cannot suppose the Legislature meant that the compensation of the District Attorney should be made dependent upon the nature or form of the action.    The substantial thing intended was a proceeding whereby the claim might be realized, and whether this were by action of debt or mandamus was not important, if this end were secured.    Nor is it important whether this result be obtained by a judgment for money or for anything else which was equivalent or could be made equivalent to money.    The assurance of the warrant by a judgment affirming the indebtedness of Amador county was, in effect, the collection of the money, or the securing it to the county of Calaveras; and when that county used the warrant as money, it became liable to the Attorney for his fees as if the money had been directly paid to it.    This would be the true construction of an ordinary contract between counsel and client; and we see no reason for a different rule here.

The next objection to the judgment is, that the statute of limitations of two years bars the plaintiff's claim.    But it is well answered, that by one of the subdivisions of section seventeen of the statute (Wood's Dig. 47) it is provided " that an action upon a liability created by statute, other than a penalty or forfeiture," may be brought within three years.    Unless this clause embraces the case at bar, it is difficult to see to what class of cases it has application.    The act first cited casts this duty of bringing suit on county claims on the District Attorney.    This duty is not cast by contract, but by the law, and the same law provides the compensation, or, in other words, creates the liability upon the part of the county to pay the compensation.    The ingenious argument in behalf of the appellant would be better sustained if the statute merely authorized a contract on certain terms; but it does not purport so to do, but, in the given events, it casts a duty, and for that duty creates a liability.    Whatever nice distinctions exist, as shown by the cases cited by the appellant's counsel, between liabilities having relation to the statute and those which are the creatures of statute, we think they do not apply here; for the duty to attend to this business only exists by force of the statute, and the obligation to pay for it a fixed rate is given by the same statute.    The liability may be said, there-

fore, to come exclusively from the statute—to be created by it. If the Legislature had provided that, in consideration of receiving this compensation, the Attorney should refund to the county the costs if the suit failed, we apprehend that it could scarcely be contended that this liability would not be within this clause of the statute : for the obligation would owe its whole existence to the statute.

Some other points are made, but it is not deemed necessary to notice them in detail.

Judgment affirmed.