[L. A. No. 131. Department Two.—June 18, 1897.]

## CLARENCE. L. BARBER, RESPONDENT, v. H. S. MULFORD ET AL., APPELLANTS.

SCHOOL DISTRICT—MANDAMUS—PARTIES.—A school district ·may be properly joined as a defendant in a proceeding in *mandamus* against its· officials to compel the performance of a duty owed to the relator.

ID.—AUDITED CLAIM—ORDER FOR REQUISITION.—After the board of education of a city has properly audited and allowed a claim against a school district, *mandamus* will lie to compel it to draw an order on the county school superintendent for a requisition for its payment.

ID.—HEARING—MOTION TO STRIKE OUT—BILL OF EXCEPTIONS—APPEAL.— A motion to strike out part of a complaint, and an order refusing the· same, form no part of the judgment roll, and will not be reviewed on· appeal, unless embodied in a bill of exceptions.

ID.—STATUTE OF LIMITATIONS—PLEADING.—Where a claim against a school district has been properly audited and allowed by the board of educa-· tion, it became a duty imposed by statute on the board to draw an order on the proper officer for its payment, and, under section 338 of the Code of Civil Procedure, the statute of limitations barred the right. to such order in three years. To avail itself of such bar, in a proceeding for a writ of mandate to compel the board to draw such order, the section must be pleaded by the board, and a plea thereof by its president and secretary, who are individually joined as defendants, is insufficient.

ID.— JUDGMENT IN PRIOR ACTION — ESTOPPEL.— An action previously brought by the plaintiff against the school district to recover judgment on his original account, and a judgment therein adverse to him, is not a bar to such a subsequent proceeding in *mandamus* based upon his· audited demand—it not appearing that the former action involved issues vital to the right to maintain *mandamus.*

ID.—JUDGMENT IN MANDAMUS.—In the proceeding in *mandamus* the plaintiff can only obtain judgment for an order for the amount of his audited claim, without any allowance for interest.

APPEAL from a judgment of the Superior Court of San Diego County. GEORGE PUTERBAUGH, Judge.

The facts are stated in the opinion.

*Sweet, Sloane & Kirby,* for Appellants.

*William H. Fuller,* for Respondent.

BRITT, C.—*Mandamus.* Defendant Mulford is the· president, and defendant DeBurn is the secretary of the board of education of the city of San Diego; such

board is created by the charter of said city, and is
charged under the law with control of the affairs of the
San Diego school district, which district itself, by its cor-
porate name, is also a party defendant here.   On April
27, 1891, plaintiff presented to said board of education
a bill for certain services rendered at the request of the
latter; thereupon, a motion was carried . and entered
on the minutes of the board " that the bill amounting to
five hundred and ten dollars be paid"; and accordingly,
a warrant was drawn for that sum on the treasurer of
the city of San Diego, the custodian of the city school
funds designated by the terms of the charter (Stats.
1889, p. 715); payment was refused, it would seem, for
the reason that, by the general law, to which the charter
provisions are subject, the county treasury is the proper
repository of such funds, as was subsequently estab-
lished by the decision in *Kennedy* v. *Miller*, 97 Cal. 429.
There, the money is subject to the requisition of the
county school superintendent, drawn upon the county
auditor on the order of the board of education. (Pol.
Code, sec. 1543.)   In 1893, after *Kennedy* v. *Miller*, *supra*,
was decided, plaintiff informed the board that said war-
rant had not been paid, and requested that an appropri-
ate order be drawn in its stead on the county school
superintendent, which request was refused.   By the
rules and practice of the board it is the duty of the
president and secretary to sign and deliver such orders
for bills which the board has allowed and ordered paid.
In April, 1894, plaintiff brought an action against the
San Diego school district, alleging in his complaint the
facts on which his aforesaid claim was founded, its al-
lowance by the board on April 27, 1891, a subsequent
refusal to pay the same, and praying judgment for the
amount thereof.   Judgment was rendered against him
in that action on December 4, 1894, and on the same
day he instituted the present proceeding, in which, after
trial, the court below awarded a peremptory writ of
mandate requiring the board of education and the
members thereof to issue in plaintiff's favor an order

on the county school superintendent for a proper requisition in the sum of five hundred and ten dollars, with interest thereon from April 27, 1891. The appeal is by the board of education only. No question is made as to the legality of the plaintiff's demand audited by the board, or as to the propriety of the action of that body in allowing the same.

1. It is contended that there is a misjoinder of defendants—in that the school district is made a party, and that the president and secretary are proceeded against together with the board of education. A school district is a corporation organized for educational purposes (*Estate of Bulmer*, 59 Cal. 131); and as such is subject to this writ to enforce the performance of an act which the law specially enjoins, etc. (Code Civ. Proc., sec. 1085.) While with us the more general practice in *mandamus* has been to proceed against the officials only who as representatives of a body politic have refused performance of some duty owed to the plaintiff or relator, yet there seems no good reason why their principal, the legal entity which is commonly the real party to be affected by the writ, may not be joined as a defendant in the proceeding; though seldom a necessary party, it cannot in a case like the present be called an improper one. (Merrill on Mandamus, sec. 237; Tiedeman on Municipal Corporations, sec. 367; *Wren* v. *Indianapolis*, 96 Ind. 206; *Glencoe* v. *People*, 78 Ill. 382; *Hitchcock* v. *Galveston*, 48 Fed. Rep. 640; *Louisville* v. *Kean*, 18 B. Mon. 9.) And since the president and secretary of the board of education had respectively ministerial duties to perform in affording the relief claimed by plaintiff, there was no impropriety in making them parties. (*Peck* v. *Supervisors*, 90 Cal. 384; Merrill on Mandamus, sec. 235.)

2. The complaint or affidavit stated facts sufficient to show that the board of education owes a duty to plaintiff. The allowance by it of his bill on April 27, 1891, was not the total of its official obligation; following upon that was the duty to provide for payment, viz., to draw

or cause to be drawn an order on the county superintendent. (Pol. Code, sec. 1543, subd. 3.) As to the contention that the complaint fails to allege funds subject to the disposition of the board adequate to pay plaintiff's claim, we find that it does contain averments from which the present sufficiency of such funds may be justly, if not necessarily, inferred; and if greater explicitness was required, defendants should have demurred specially for uncertainty. (*Santa Barbara* v. *Eldred,* 108 Cal. 294.)

There is printed in the transcript a notice of motion to strike out part of the complaint, also an order of the court refusing the same, and error is assigned thereon. These proceedings are not part of the judgment roll, and are not embodied in any bill of exceptions; this court can therefore take no notice of them. (*Ganceart* v. *Henry,* 98 Cal. 281.)

3. There was a plea of that provision of the statute of limitations barring in two years an action upon a contract, obligation, or liability, not founded upon an instrument in writing. (Code Civ. Proc., sec. 339, subd. 1.) Respondent argues that his proceeding rests upon the resolution of the board ordering that his bill be paid, that this was a written instrument, and hence, he says, not within said section 339; but in our opinion, if the statute of limitations relates at all to a proceeding of this nature, its particular provision applicable is that which bars in three years an action upon a liability created by statute. (Code Civ. Proc., sec. 338.) It is not disputed that the plaintiff's bill for services when audited by the board was a legal charge against the funds of the district; it was consequently a duty imposed by statute on the board to draw an order on the proper officer for the payment thereof; it is to obtain performance of this official function, and not the establishment of any contractual right against the district, which is the purpose of the present proceeding. Accordingly, since plaintiff did not apply for the writ until after the lapse of more than three years from the time his claim was allowed,

we are disposed to think the objection now taken on this ground would have been formidable if appellant had pleaded it. There was such a plea on behalf of the president and secretary, but it was not asserted either by demurrer or answer that said section 338 reaches the case of the board of education, and the objection cannot be first raised on appeal.

4. It is claimed that plaintiff is estopped in this proceeding by reason of the action brought by him against the school district and the judgment adverse to him. The complaint is the only paper in that case shown in the present record; from that the object of the action seems to have been the recovery of judgment on plaintiff's original account; here the purpose is to enforce performance of official duty, treating said account as an audited demand against the district. (*Alden* v. *Alameda County*, 43 Cal. 270.) While it is possible that issues may have been raised and determined in that case which go to the merits of this, it is certainly not made apparent that such was the fact, and the defense based on the former action and judgment must be overruled. (*Greer* v. *Tripp*, 56 Cal. 209, 212.)

5. It was error to include interest in the mandate of the writ; if it be said that interest should be allowed for damages as in ordinary cases of breach of contract, the reply is that *mandamus* does not lie to enforce the obligation of contracts, but only the performance of an act which the law specially enjoins—in this instance the issuance to plaintiff of an order for the amount of his audited claim, no more nor less. The judgment should be modified by omitting therefrom the direction for the allowance of interest, and thus modified it should be affirmed.

BELCHER, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the judgment is modified by omitting therefrom the direction for the allowance of interest, and thus modified is affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.