[Sac. No. 3336. In Bank.—August 14, 1922.]

## WILLIAM ROCCA, etc., Appellant, v. D. H. STEINMETZ, Sr., et al., Respondents.

[1] APPEAL—JUDGMENT—ACTION FOR DEATH—PENDENCY AS TO ONE OF DEFENDANTS.—In view of section 579 of the Code of Civil Procedure which provides that in an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper, an appeal may be taken from a judgment in favor of one of the two defendants in an action for damages for death while the action remains pending and undetermined on the merits as to the other defendant.

MOTION to dismiss an appeal. Denied.

The facts are stated in the opinion of the court.

J. C. Webster and C. H. Grayson for Appellant.

J. B. Curtin and Morrison, Dunne & Brobeck for Respondents.

SHAW, C. J.—The respondent D. H. Steinmetz moves the court to dismiss the appeal herein on the ground that no appeal lies from a judgment against one of two tort-feasors before the final trial on the merits of the action.

The action is against D. H. Steinmetz, the father, and D. H. Steinmetz, Jr., his son, for an injury alleged to have been caused by the carelessness of the son in recklessly

and negligently driving an automobile off the road and down an embankment whereby one Marguerita L. Rocca, mother of William Rocca, was killed, she being at said time a passenger in the automobile and a guest of said D. H. Steinmetz, Jr. It is alleged that D. H. Steinmetz, the father, was the owner of said automobile and bought and kept it for the use and pleasure of his family, including said D. H. Steinmetz, Jr.; that the said D. H. Steinmetz, Jr., was a careless and reckless driver of said automobile, and that the said D. H. Steinmetz, knowing him, the said D. H. Steinmetz, Jr., to be such a careless and reckless driver of said automobile, negligently allowed and permitted him to drive said automobile on the occasion of said accident to said Marguerita L. Rocca, and while he was so driving the same he was doing so with the consent, knowledge and permission of said D. H. Steinmetz.

In the case of *Nolan* v. *Smith,* 137 Cal. 360 [70 Pac. 166], the action was on a bond given by a justice of the peace against the justice and his two sureties to recover damages against them for an unlawful imprisonment. The sureties demurred to the complaint separately from their principal, and their demurrer being sustained, what purported to be a judgment for costs was entered in their favor. From this judgment the plaintiff appealed. No judgment was taken against the principal and the action was still pending against him. The two sureties as defendants moved the court to dismiss the appeal on the ground that the judgment was not final. The court held the point to be well taken and accordingly dismissed the appeal.

The motion was made in department two of this court and there was never any petition for a rehearing, consequently it never received any further consideration by the court. The decision appears to have been well considered in some respects, and it holds in a case of that character that a final judgment should not be given against some of the defendants, but the case should be held until the final judgment is given for or against all of the defendants, in which event a judgment may be entered in favor of some of the defendants and against others, and thus it will be final as to all of them at the same time. The court in coming to this conclusion evidently overlooked section 579

of the Code of Civil Procedure. It is not cited or referred to. It reads as follows:

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

[1] The present action is unquestionably of a character in which a joint or several judgment could be rendered. The court upon finding that one of the parties is not liable in the action could render a judgment in his favor and then leave the action to proceed against the other parties. That was the course taken by the court in the present case. It held that the allegations against D. H. Steinmetz were not sufficient to put him to his defense, and rendered judgment in his favor, allowing the plaintiff to pursue his action against the other defendants. No reason is perceived why this was not proper. The code expressly allows it, and to hold the person bound to wait until the final judgment against the other party before taking an appeal from the judgment against the first party already rendered is wholly unreasonable and finds no warrant in any provision of the code. That the judgment must be final against the defendant in whose favor it is given is essential to the right of appeal. But such a judgment is final within the meaning of that term, as given in section 963. No other judgment can be entered against him, as he will go free if the case goes no further against him. *Nolan* v. *Smith, supra,* must be overruled on this point, unless it is considered as creating a special class of cases consisting of suits on bonds of justices of the peace, which would make such cases a class by themselves. We express no opinion as to whether this is allowable or not. It is sufficient to hold that the case is not in point here.

The fact that the defendant D. H. Steinmetz is sued as the owner of the automobile and D. H. Steinmetz, Jr., is sued as the perpetrator of the tort does not make either of them any the less liable to have a judgment rendered against him while the action is allowed to continue as to the other defendant.

It is not necessary to say anything in regard to the liability of D. H. Steinmetz further than this, that his liability has never been decided in any court in this state.

He is not sued as the mere owner of the automobile, but he is sued as the owner who has allowed and permitted his son to drive his automobile, knowing that his son is a reckless and careless driver of said automobile. That fact differentiates it from all other cases on the subject.

The motion to dismiss the appeal is denied.

Lennon, J., Waste, J., Richards, J., *pro tem.*, and Myers, J., *pro tem.*, concurred.