[L. A. No. 15233.   In Bank.—March 17, 1936.]

A. W. MATHER, Appellant, v. ANNA INEZ MATHER et al., Respondents.

Lorrin Andrews and Sidney Snyder for Appellant.

Don Lake and James R. Jaffray for Respondents.

WASTE, C. J.—This is a motion to dismiss an appeal from a purported judgment.

While domiciled in the territory of Hawaii, plaintiff Mather transferred to his wife, the respondent Anna Inez Mather, real and personal property of considerable value situated in the state of California.  Plaintiff sued for a return of the property.  The complaint recited three alleged causes of action.  The third cause of action, with which we are here concerned, gave the pleader considerable difficulty, and he made four attempts to state it, the attempts finally culminating in the filing, on December 10, 1934, of a pleading entitled "Third Amended Third Cause of Action".  The pleading incorporated by reference certain sections of the original complaint, and, in so far as we are advised, sought the same general relief

as that prayed for in the first and second causes, the relief consisting of a restoration and redelivery of money and securities, the cancellation of an assignment, the cancellation of a waiver, a money judgment, general relief, and costs.

Defendants Anna Inez Mather and Lessie G. Williams, her mother, interposed a demurrer, both general and special, to the third cause of action. The trial court sustained the demurrer without leave to amend, the ground of such decision being unstated. Subsequently, on January 4, 1935, a formal judgment was entered to the effect that plaintiff take nothing by the third amended cause of action. Plaintiff appealed from this judgment by notice filed February 7, 1935. The respondents move to dismiss.

After the judgment of January 4, 1935, was entered, the cause proceeded to trial and on March 14, 1935, a further judgment was entered which, according to the clerk's certificate filed as a part of the supporting papers on this motion, adjudged "that plaintiff take nothing by his complaint, or by first and second counts thereof". The quoted extract is the only evidence before the court as to the final disposition of the action.

It is evident that the cause was attempted to be disposed of piecemeal—that a single object, although stated in several counts, was sought to be attained by the action, and that this single and unseverable object was arbitrarily attempted to be split up as the basis for two distinct judgments.

It is at once apparent that no *final* judgment was entered in the action until March 14, 1935.

The judgment of January 4, 1935, was not a final judgment and is not appealable under the terms of section 963 of the Code of Civil Procedure, or otherwise. Our conclusion is fully supported by the leading case of *Gunder* v. *Gunder,* 208 Cal. 559 [282 Pac. 794], and the many cases which follow it, notably *De Vally* v. *Kendall De Vally etc. Co.,* 220 Cal. 742 [32 Pac. (2d) 638], *Middleton* v. *Finney,* 214 Cal. 523 [6 Pac. (2d) 938], and *Potvin* v. *Pacific Greyhound Lines,* 130 Cal. App. 510 [20 Pac. (2d) 129].

The motion is granted and the purported appeal is dismissed.

Shenk, J., Curtis, J., Langdon, J., and Seawell, J., concurred.