[Civ. No. 2178.   Fourth Appellate District.—February 17, 1939.]

MICHAEL M. WEISZ et al., Appellants, v. W. R. McKEE et al., Defendants; TARVER MONTGOMERY et al., Respondents.

Charles J. Katz and Alfred Gitelson for Appellants.

Rutan, Mize & Kroese, Robert C. Mize and Harold H. Coyle for Respondents.

GRIFFIN, J.—This action, as presented in the second amended complaint, was one for reformation of a deed and to determine, declare and quiet title to real property and oil royalties between plaintiffs and defendants and respondents. We will briefly state the facts as taken from the pleadings and about which there is no controversy.

The respondents acquired, on or before September 10, 1926, certain undivided interests in the property described in the plaintiffs' complaint. On August 8, 1933, a long time subsequent to the acquiring by respondents of their interests, defendants W. R. McKee and Julia S. McKee made a conveyance to the appellants of a two per cent interest in and to the real property above mentioned. Because of certain circumstances alleged in the complaint, the appellants claimed that this conveyance should have been for a 12 per cent interest instead of a 2 per cent interest as set forth in the deed. This action was commenced for reformation of this conveyance. The allegations of the amended complaint, as to the respondents, in reference to the title and ownership of the property, are as follows:

## "XIV.

"That these plaintiffs are informed and believe and therefore allege that the defendants, Tarver Montgomery and Minnie Montgomery, are the owners of an undivided one-fourth (1/4) interest in and to the said real property in this second amended complaint described.

"That these plaintiffs are informed and believe and therefore allege that the defendants, George W. Wells and Clara L. Wells, are the owners of an undivided one-fourteenth (1/14th) interest in and to the said real property hereinbefore described, and that the defendants, Ray C. Lambert and Clara Wells Lambert, are the owners of an undivided one-fourth (1/4) interest in and to said real property hereinbefore described.

"That these plaintiffs are informed and believe and therefore allege, that these plaintiffs, together with said defendants, other than the defendant, First National Bank in Santa Ana, a national banking association, as Trustee, collection agents, escrow holder, and the defendant, Charles W. Camp, are the owners of said real property hereinbefore in this second amended complaint described. That plaintiffs are informed and believe and therefore allege, that said defendants claim some right, title, interest or estate, in and to said real property other than as hereinbefore alleged and contrary to and adverse to the interest of these plaintiffs in and to said real property. That said defendants should set forth their interests in and to said property, so that their interests may be determined and adjudicated and so that the right of these plaintiffs to their respective proportions of the royalties being paid under the oil lease hereinbefore alleged, shall be established."

The answer of these respondents to the amended complaint admits the allegations of the amended complaint in the following language:

"Answering the allegations of paragraph XIV of said complaint, admit these answering defendants respectively are now, and at all times since September 10th, 1926, have been, the owners of the respective undivided interests in the real property referred to in said paragraphs as alleged in said paragraph, allege they claim no other right, title, interest or estate in or to said real property, and that they claim no interest therein or to any royalty adverse to the alleged interest of plaintiffs."

Respondents, on September 18, 1936, made a motion for judgment on the pleadings. At the same time, appellants made a similar motion. Both motions were simultaneously presented and argued. Thereafter, the court entered a decree adjudging that respondents were the owners of the undivided interests as admitted in the answer; that appellants had no right, title or interest in or to the undivided interests above described; that the rights, titles and interests of appellants and the remaining defendants therein and to the remaining 6/14ths interest in the property were not determined by

the present judgment by reason of the fact that the action as to the remaining defendants was still pending.

Appellants claim that the judgment is contrary to law in this, that the cause of action alleged being undetermined as to all other defendants, the judgment from which this appeal is perfected is premature and that only one judgment should be entered in a cause and no judgment should have been entered until the determination and adjudication of the entire cause. Secondly, that the judgment should have granted to appellants, as against the respondents, the relief sought by the second amended complaint, i. e., it should have decreed and established and adjudicated the title of appellants as against the respondents.

■ A motion for judgment on the pleadings on behalf of a defendant will only lie where the complaint fails to state facts sufficient to constitute a cause of action against the moving defendant. (*Hibernia Savings etc. Soc.* v. *Thornton,* 117 Cal. 481 [49 Pac. 573] ; *Elmore* v. *Tingley,* 78 Cal. App. 460 [248 Pac. 706].) A motion by a defendant for judgment on the pleadings tests the sufficiency of the complaint, and where there is an entire absence of some essential fact or facts constituting a cause of action, the motion may be properly granted. (*Heinsbergen* v. *Jenking,* 113 Cal. App. 394 [298 Pac. 104] ; *Gross* v. *Bank of America,* 4 Cal. App. (2d) 353 [41 Pac. (2d) 178] ; *Hibernia Savings etc. Soc.* v. *Thornton, supra.*)

■ The complaint in the instant action was wholly insufficient on which to base a finding of ownership of the property contrary to the judgment entered. The allegation of ownership in respondents is alleged in the amended complaint. We see no merit to the above-mentioned claim of appellants.

■ In an action against several defendants, the court may, at its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper. (Code Civ. Proc., sec. 579.) If no sufficient case is stated against one of several defendants, a final judgment may be entered disposing of the case as to him. (*Rocca* v. *Steinmetz,* 189 Cal. 426 [208 Pac. 964].) The present action is unquestionably of the

character in which a joint or several judgment could be rendered.

Judgment affirmed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 16, 1939, and the following opinion then rendered thereon:

THE COURT.—In view of the persistence of appellants and the sincerity of their counsel in his belief that both the judgment of the trial court and the decision of this court were erroneous, we will say by way of explanation in denying appellants' motion for rehearing that had these particular defendants, respondents herein, moved for judgment on the pleadings under the limited prayer for relief set forth in the answer, the authorities cited by appellants would have been applicable. (*Kershaw* v. *Hogan*, 127 Cal. App. 89 [15 Pac. (2d) 535]; *Islais & Salinas Water Co.* v. *Allen*, 132 Cal. 432 [64 Pac. 713].) But appellants injected, in connection with respondents' motion, their motion for judgment on the pleadings. Both were heard and determined at the same time and one judgment was entered thereon. The court rendered a judgment adjudicating the rights of the parties in accordance with the allegations of the complaint wherein appellants allege that respondents were the *owners* of certain definite interests in and to the property and that they claimed some right, title and interest in the described property other than as alleged in the complaint, and that said defendants should set forth those interests in and to the property so that the respective interests may be determined and adjudicated. In the answer respondents set forth their specific interests as definitely alleged in the complaint and frankly admitted in the answer that they claimed no other or greater right, title or interest in and to the property than that as alleged in the complaint and likewise admitted that they claimed no interest in any royalty adverse to the alleged interest of plaintiffs. Based on the pleadings, the court has made a determination of their respective rights in the real property but has reserved for subsequent decision the rights of appellants to an undivided 12 per cent interest in the remaining property, i. e., property alleged to be claimed by the remaining defendants. It would

appear that the rights of appellants as against these respondents have not been affected by the judgment entered under the pleadings. If appellants can show no interest in the property of respondents they cannot be aggrieved by a judgment declaring someone else to be the owner. (*Rockey* v. *Vieux,* 179 Cal. 681, 683 [178 Pac. 712].)

Petition for rehearing denied.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 17, 1939.