[S. F. No. 15890. In Bank.—August 21, 1939.]

EDNA GREENFIELD et al., as Administrators, etc., Plaintiffs, v. A. W. MATHER, Appellant; DOROTHY DEVORE MATHER et al., Respondents.

Marcel E. Cerf and Robinson & Leland for Appellant.

Don Lake, *in pro. per.*, and James R. Jaffray for Respondents.

THE COURT.—On this appeal the controlling question is whether a judgment entered in a prior action, and found by the trial court to bar appellant's claims herein, was in fact a final adjudication.

The subject of the present action, one in interpleader, is the right to the sum of $12,549.60. This fund has been deposited in court by plaintiffs. It represents the balance due upon an approved claim of defendant A. W. Mather against the estate which plaintiffs are administering, and said defendant and his former wife, defendant Dorothy Devore Mather, are chief claimants to it. They joined issue by cross-complaints and answers. The wife claimed the money under the terms of a property settlement agreement or purported assignment from the husband. The husband alleged that because the agreement was made in Hawaii, where a wife is not authorized to contract with her husband, it was void and he prayed that it be cancelled. In answer to this pleading the wife averred that the validity of the agreement had been conclusively established in a prior action, and as a plea in bar she set up two purported judgments entered in her favor in said prior action.

When the present cause came on for trial, the wife objected to the introduction of evidence by the husband to support his claim on the ground that her plea in bar should first be heard. The trial court acquiesced in this view and, over objection of the husband, admitted the pleadings and papers in the prior action. The husband then adduced evidence by which he sought to show that the prior action was still pending and that no final judgment had been entered therein. The trial court, however, concluded that the prior judgment was final, and the wife's plea in bar well taken. Accordingly, it made findings and rendered judgment directing distribution of the fund to her and to those defendants claiming under her. The husband appealed.

The question whether the judgment entered in the prior action was a final judgment, is determinative of the appeal. Admittedly that action presented the identical issue raised by the pleadings herein with respect to the validity of the property settlement agreement. If the judgment entered therein was final, it constituted a conclusive adjudication that the agreement was valid. If the judgment was

not final, then in this cause the trial court erred in sustaining the wife's plea in bar.

A review of the record of proceedings had in the prior cause shows the following: The action, number 376,729, was filed in the Los Angeles superior court on August 3, 1934, by the husband against the former wife, the present plaintiffs and others. The complaint was in three counts. It alleged that the spouses were married in 1925, and divorced on August 16, 1933, and that just prior to the divorce, and on June 16, 1933, in the city of Honolulu, they entered into an agreement concerning their property, in pursuance of which the husband made valuable transfers to the wife. By counts one and two the husband sought to rescind the agreement on grounds of misrepresentation, conspiracy, and fraud, and to procure a return of the property transferred thereunder. The third count pleaded that the agreement, made in Hawaii, was void and invalid by reason of a statute in full force and effect in that jurisdiction which provided that a married woman might not contract with her husband. That is, it pleaded substantially the same cause of action which was set forth in the husband's cross-complaint in the present action.

Demurrers were interposed to the third count, and finally, on December 24, 1934, after it had been thrice amended, a demurrer was sustained without leave to further amend. On January 4, 1935, a formal judgment was entered, decreeing that plaintiff husband take nothing by his third amended third cause of action. He appealed from this judgment.

The cause then proceeded to trial upon the issues joined by the first and second counts of the complaint. The trial court found for the defendants, and on March 14, 1935, judgment was entered in their favor. This is the judgment which was held in the present action to be final, and a bar to the husband's claims herein. While it decreed that "plaintiff take nothing by reason of his complaint", this order was preceded by recitals indicating clearly that the word "complaint" referred only to the first and second causes of action which had been tried on the merits. That is, by preliminary recitals both findings and judgment stated that the action had been submitted after trial "upon the issues joined by the first and second counts or causes of action in the complaint and the respective answers thereto", but neither

mentioned the third count or the attempted disposition which had been made of it.

The husband appealed from the second judgment in the prior action, as he had from the first. Thus at this stage of the proceedings in that action there were two separate judgments, one on the third count and the other on the first and second counts, and there were two separate appeals therefrom. While these appeals were pending, and on April 12, 1935, the present action was commenced by the filing of plaintiff's complaint in interpleader.

In September, 1935, in the prior action, the wife and her codefendants moved this court to dismiss the appeal from the second judgment (judgment of March 14th on first and second counts), for failure to file a transcript within the required time. The motion was granted and the appeal dismissed (L. A. No. 15481). At that time the appeal from the first judgment (judgment of January 4th on the third count) was still pending in this court, and a transcript had been filed (L. A. No. 15233). On January 18, 1936, the wife and her codefendants moved to dismiss this appeal also, on the ground that the judgment was not final, and therefore not appealable. On March 17, 1936 (*Mather* v. *Mather,* 5 Cal. (2d) 617 [55 Pac. (2d) 1174]), this court granted the motion, saying: "It is evident that the cause was attempted to be disposed of piecemeal—that a single object, although stated in several counts, was sought to be attained by the action, and that this single and unseverable object was arbitrarily attempted to be split up as the basis for two distinct judgments. It is at once apparent that no *final* judgment was entered in the action until March 14, 1935. The judgment of January 4, 1935, was not a final judgment and is not appealable under the terms of section 963 of the Code of Civil Procedure, or otherwise. Our conclusion is fully supported by the leading case of *Gunder* v. *Gunder,* 208 Cal. 559 [282 Pac. 794], and the many cases which follow it, notably *De Vally* v. *Kendall De Vally etc. Co.,* 220 Cal. 742 [32 Pac. (2d) 638], *Middleton* v. *Finney,* 214 Cal. 523 [6 Pac. (2d) 938], and *Potvin* v. *Pacific Greyhound Lines,* 130 Cal. App. 510 [20 Pac. (2d) 129]. The motion is granted and the purported appeal is dismissed."

Although the above quotation refers to the judgment of March 14th as a "final judgment", that judgment was not under review, and the remark is pure *dictum.* This is ap-

parent upon a reading of the opinion as a whole, for the statement of facts therein reveals that the only data before the court which might have indicated that the judgment of March 14th was of a final nature, was a clerk's certificate. As a matter of fact, although the opinion did not so note, the appeal from the latter judgment had already been dismissed at the time the decision was rendered. The effect of the decision, therefore, was to place appellant husband in this situation: His appeal from the judgment of March 14th had been dismissed, not on the ground that it was a partial judgment and hence nonappealable, but for failure to make timely filing of transcript. The judgment of January 4th had been adjudged nonappealable. Hence, if the judgment of March 14th was final, appellant had lost his opportunity of securing a review by an appellate court, either in the prior action or the present one, of the sufficiency of the allegations of his third amended third count to state a cause of action, or of the similar allegations of his cross-complaint herein—and this due to the error of the trial court in the prior action in entering the partial judgment on demurrer to one count. But, on the other hand, if both the judgment of January 4th and that of March 14th were partial, each disposing of a fraction of the case, then the prior action was still pending, and appellant was at liberty to proceed in that action, or in the present action. The course which he adopted was to file in this court, on June 5, 1936, a clerk's transcript covering the entire prior action. He had previously filed a cross-complaint in the present action. In the prior action no motion was made before the filing of the transcript last mentioned for the entry of any final or further judgment. Evidently the transcript represented an attempt by appellant to revive one or both of the dismissed appeals.

On July 7, 1936, the wife and her codefendants moved to strike the transcript (L. A. No. 15924). On the same day (L. A. No. 15481) appellant moved to correct the *remittitur* which had issued dismissing the appeal from the judgment of March 14th so as to show the causes of action which it affected, that is, instead of " . . . appeal from judgment dismissed", to make it read: " . . . appeal from judgment upon first and second causes of action dismissed". Appellant's point in seeking this change was to substantiate his contention that the judgment covered only the first and sec-

ond counts, and hence was partial and nonappealable for the reason upon which the judgment covering the third count had been adjudicated partial and nonappealable (*Mather* v. *Mather, supra*). On the hearing this court granted both motions—that of the wife and codefendants by striking the transcript; that of appellant by correcting the *remittitur* as of its original date, October 11, 1935. On August 6, 1936, a petition for rehearing was denied. On December 1, 1936, the present cause came on for trial with result aforesaid.

The above recital of proceedings had in the prior action demonstrates the error of the trial court's conclusion in the present cause that the judgment of March 14, 1935, was a final judgment. Obviously that judgment was in no better position than the judgment of January 4th. It disposed of the first two counts of the complaint, whereas the latter judgment disposed of the third count thereof. The reasoning which this court employed in determining the character of the one judgment (*Mather* v. *Mather, supra*), is equally applicable to fix the character of the other.

The fact that the judgment of March 14th was the second judgment to be entered did not cloak it with finality because it did not purport to embrace a final disposition of the entire cause. By express terms it was confined to only counts one and two, and erroneously failed to include a recital with respect to the disposition of count three. It did not affect count three. The appeal from the purported judgment on that count was pending; that purported judgment, being void, was in effect no judgment. Therefore, if count three in fact stated a cause of action, that cause remained pending in the trial court after the entry of the judgment on counts one and two.

The erroneous procedure adopted in attempting to make piecemeal disposition of the prior cause was not of appellant's instigation, and he should not be penalized for it. He at no time waived his right to object to the splitting of the action. He contended throughout that he was entitled to test the sufficiency of his third cause of action before an appellate court. To permit a litigant to deprive his adversary of an opportunity for full appeal by erroneously procuring the entry of successive purported partial judgment, and then having appeals from all save the last of said judgments dismissed on the ground that the cause should not have been split, would be unfair.

In the present cause the trial court erred in denominating the second of the two partial judgments entered in the prior action a final judgment. As in fact no final judgment had been entered in said prior action, appellant's assertion of his claim in the present cause was not barred. The action of the trial court in sustaining the plea in bar was erroneous.

The judgment is reversed.

Rehearing denied.