[Civ. No. 8288.   Third Dist.   Oct. 9, 1952.]

HAROLD K. BERESFORD et al., Appellants, v. PACIFIC
GAS AND ELECTRIC COMPANY (a Corporation) et
al., Respondents.

L. C. Smith and Rawlins Coffman for Appellants.

Peters & Peters and Samuel Vartan for Respondents.

PEEK, J.—This is a motion by defendant Public Utilities
California Corporation (hereinafter referred to as P.U.C.
Corp.) to dismiss an appeal by plaintiffs from an order of
the trial court granting said defendant's motion for a non-
suit.

From a certificate of the county clerk of Tehama County
and the affidavits of the parties, it appears that plaintiffs
sought damages from defendants for the destruction of cer-
tain property of plaintiffs by fire alleged to have occurred by
reason of defendants' negligence. According to the clerk's

certificate, on November 30, 1951, defendant P.U.C. Corp moved for a nonsuit which motion was granted, and an "Order Granting a Nonsuit as to said defendant was entered on the said 30th day of November, 1951, in the Clerk's Minutes of said Court. Said Order did not contain a direction that a written order or judgment be filed." However, on December 5, 1951, a formal written judgment of nonsuit was prepared by the attorneys for P.U.C. Corp. signed by the trial judge and served on plaintiffs. The trial continued as against defendant Pacific Gas and Electric Company (hereinafter referred to as P.G.&E. Co.) and resulted in a verdict in favor of plaintiffs; the judgment upon said verdict being entered on January 1, 1952. On January 11, 1952, defendant P.G.&E. Co. filed its notice of intention to move for a new trial. No motion for a new trial following the order of nonsuit or other action was taken by plaintiffs until February 1, 1952, more than 60 days after the original minute order, when they filed their notice of appeal from the order granting the nonsuit. On March 4, 1952, the motion for a new trial made by P.G.&E. Co. was denied and on March 13, 1952, said defendant filed its notice of appeal from the judgment in favor of plaintiffs. Plaintiffs, since the filing of their appeal from the order of nonsuit, have neither filed the required notice to prepare transcript or notice designating papers, records, etc., nor any stipulation to prepare an agreed statement or notice of intention to propose such a statement nor any proposed narrative statement, nor have they requested any extension of time for the preparation of the record. However, on March 13, 1952, P.G.&E. Co. filed a notice to prepare transcripts and the court is informed that the same have now been prepared.

At the time the case was argued before this court on September 4, 1952, questions were raised by counsel and the court concerning the particular wording of rule 2 (b) (2) of Rules on Appeal, which section specifically provides in the portion thereof pertinent to the problem now confronting the court, that "The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes . . ." The questions raised related to whether or not a reference in the clerk's certificate that the order was entered in the "Clerk's Minutes of said Court" referred to the rough minutes or the permanent minutes. Under the circumstances the court deemed it proper to allow

the parties time to show by affidavit the true date of entry in the permanent minutes of the order of November 30, 1951.

Pursuant thereto we are now in receipt of two conflicting affidavits. The first by the P.U.C. Corp. which sets forth a telephone conversation between R. H. Boding, a deputy clerk assigned to the court during the trial and said defendant's counsel. Said affidavit shows that in response to a question by counsel for movant as to "when you actually entered in the permanent minutes the nonsuit order" Boding replied, "Well, I enter those orders and all minute orders in the register of actions right away. Then we enter or rather transcribe the orders into the minute book. It is all done the same day as a rule." Boding was then asked by counsel if that was done in this particular case and he replied, "I am sure that order would be put in the minute book on the same day because that case was long drawn out and we had little else on during that time and I was not behind at all in my work. I am sure of that."

In opposition thereto appellant filed an affidavit of Alice E. Davis, County Clerk, wherein she averred: ". . . that all of the work of the County Clerk's office and that of the Clerk of the Superior Court is done by myself or under my immediate direction and supervision by duly appointed deputies." That during her entire tenure of office there has been an established practice in the preparation of the permanent minutes of the court, which is as follows:

"The Clerk or Deputy Clerk attending proceeding[s] of the Superior Court makes informal notation of the proceedings of the Court; that the Clerk or Deputy Clerk, following the close of the Court session, then types up said temporary notes, in this case in duplicate, on loose sheets of paper; that one set of typewritten notes is taken to the court room in the event the proceedings are continuing the following day, and the other set is left in my office to be transcribed by other deputies or office typists into the *permanent* minute book; that this work of typing into the *permanent* minutes is done at the earliest practicable time, and in any event, within one week following the proceedings of Court."

In her affidavit she goes on to say that from her examination of the record relating to the minutes of the proceedings on November 30, 1951, she observed the following:

"Informal minutes were taken during the course of the day by Deputy Clerk R. H. Boding. Court convened at 10:10 A.M. and recessed for the week end at 3:50 P.M. During the

course of the trial that day, numerous notations were made, all as appears on the *permanent* minutes. Following the recessing of Court at 3:50 P.M., Deputy Clerk R. H. Boding typed up his notes on loose sheets of paper, in duplicate. Those work sheets are presently stapled to his informal notes among my files. A review of the *permanent* minutes for Friday, November 30th, Saturday December 1st, and Monday, December 3rd, reveals the following: That at 12:48 P.M., November 30th, Deputy Clerk R. H. Boding served as Clerk in a divorce proceeding entitled *'Roberts* v. *Roberts'*. That those minutes were inserted in the *permanent* minute book ahead of the minutes of the Beresford case for that day; that on Saturday, December 1st, Deputy Clerk R. H. Boding served as Clerk to the Court in numerous matters before the Court. All such matters were written up and set forth in the *permanent* minutes prior to the writing up of the *permanent* minutes of the subject case for Monday, December 3, 1951.

''That the *permanent* minutes of the subject case for Monday, December 3, 1951, were written prior to the permanent minutes of the regular law and motion calendar of Monday, December 3, 1951.

''That the regular Court work of the Superior Court of the State of California in and for the County of Tehama (other than the subject case being tried with the Honorable Ben R. Ragain presiding), did not convene on Monday, December 3, 1951, until 1:30 p. m. From that fact it is apparent that the work load in my office Monday morning, December 3rd, was light and gave ample opportunity for the transcribing of the minutes of the proceeding of November 30th into the *permanent* minute book that morning, to-wit, Monday, December 3, 1951. This conclusion is further substantiated by the fact that on Saturday, December 1st, which was a three-hour working day, there was a sufficiently heavy work load to make it difficult, if not impossible, for the typing of the *permanent* minutes of November 30th on that day.

''It is therefore my conclusion, predicated upon the above facts, that the *permanent* minutes of the proceedings of the subject case were not written up in the *Permanent* Minute Book, Volume 16, of the Minutes and Orders of the Superior Court of the State of California in and for the County of Tehama until Monday morning, December 3, 1951.''

It is readily apparent that we are now confronted with conflicting affidavits. The affidavit of the county clerk directly contradicts that of the deputy clerk, and in a sense also con-

tradicts her original certificate which was filed by the P.U.C. Corp. in support of its motion to dismiss. Under the circumstances we are persuaded that the facts disclosed in the affidavit of the county clerk are decisive of the question as to when the order was entered in the permanent minutes. An analysis of the mechanics of the operation of the clerk's office as set forth in her affidavit relative to the entry of the orders of the court in the minutes and the fact that the order in the instant case was shown thereby to have been entered in the permanent minute book subsequent to a divorce proceeding which was heard on the same day, and the further fact that the minutes for the following day (December 1, 1951) also appeared in the permanent minutes prior to the entry of the order in this case, convinces us that the order in question was not entered in the permanent minutes until Monday, December 3, 1951. Such being the case the appeal from the order was timely filed within the 60-day period allowed under rule 2 (b) of Rules of Appeal.

As has been stated, the "rule was adopted to clarify a most uncertain and confusing condition of the law existing prior to the adoption of this rule in July, 1943" (*Pessarra* v. *Pessarra,* 80 Cal.App.2d 965, 966 [183 P.2d 279] ; see, also, 17 So.Cal.L.Rev. 79), but it is quite apparent from the facts in the present case, that the rule will continue to confuse until there is uniformity of procedure by the counties throughout the state.

The second basis urged for dismissal of appellants' appeal is their alleged failure to serve or file notices to prepare either a reporter's or clerk's transcript or to otherwise take any steps to perfect such appeal as provided in rules 4 (a), (c) and 5(a) and (c) of the Rules on Appeal. See *Heatly* v. *Heatly,* 83 Cal.App.2d 677 [189 P.2d 748].)

It is not denied by appellants that they have failed to file either of the notices required by said rules. Appellants' sole argument in opposition to the movant's contention is that since the P.G.&E. Co. did so serve and file notice to prepare transcripts, under rule 11 this was sufficient for them also.

The compliance with said rules by P.G.&E. Co. in its appeal from a judgment against it, made on the merits of the case, cannot be considered as relieving appellants from the necessity of complying therewith in their appeal from the nonsuit entered against them in favor of P.U.C. Corp. Rule 11 refers only to those cases "Where several parties appeal from the same judgment or any part or parts thereof."

The judgment in favor of P.U.C. Corp. is an entirely separate judgment and hence is separately appealable. (*Rocca v. Steinmetz*, 189 Cal. 426 [208 P. 964]; *Howe* v. *Key System Transit Co.*, 198 Cal. 525, 529 [246 P. 39]; *Young* v. *Superior Court*, 16 Cal.2d 211, 215 [105 P.2d 363]; *Weisz* v. *McKee*, 31 Cal.App.2d 144, 147 [87 P.2d 379]; *Huntoon* v. *Southern Trust & Commerce Bank*, 107 Cal.App. 121, 131 [290 P. 86].)

It necessarily follows that although plaintiffs' appeal from the order granting the defendant corporation's motion for a nonsuit, was timely, their failure to comply with the cited Rules on Appeal necessitates the granting of defendant's motion to dismiss.

The motion to dismiss is granted.

Van Dyke, J., and Schottky, J. pro tem. concurred.