[S. F. No. 18792.   In Bank.   Dec. 18, 1953.]

THE AETNA CASUALTY AND SURETY COMPANY (a Corporation), Appellant, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation) et al., Defendants; BECHTEL CORPORATION (a Corporation), Respondent.

Belli, Ashe & Pinney and Van H. Pinney for Appellant.

Partridge, O'Connell & Whitney and Wallace O'Connell for Respondent.

SPENCE, J.—Plaintiff is the compensation insurance carrier for an employer whose employee sustained an industrial injury allegedly caused by the negligence of third party defendants. In its fourth cause of action plaintiff sought to recover the employee's general tort damages. The action was brought more than one year but less than three years after occurrence of the accident which caused the injury. A demurrer to this fourth cause of action was sustained without leave to amend, and from the judgment of dismissal accordingly entered, plaintiff appeals.

The determinative question is whether the fourth cause of action is governed by the one-year statute of limitations applicable to an action for damages "for the injury to . . . one caused by the wrongful act or neglect of another" (Code Civ. Proc., § 340, subd. 3) or the three-year statute applicable to an action "upon a liability created by statute" (Code Civ. Proc., § 338, subd. 1). The Labor Code authorizes the em-

ployer or its insurance carrier to bring an action against the third party tort feasor (§§ 3850, 3852) and to include therein the general damages to the employee as well as the special damages to the employer for compensation and medical benefits (§ 3854). Assuming, without deciding, that this liability of the tort feasor to the employer or its insurance carrier for the employee's general damages is one created by statute (cf. Limited Mutual Comp. Ins. Co. v. Billings, 74 Cal.App.2d 881, 884-885 [169 P.2d 673], nevertheless under settled legal principles the trial court correctly concluded that the one-year statute applied.

The employee's general damage claim, whether prosecuted by the employee personally or by his employer or its insurance carrier on his behalf, is solely one in tort for personal injuries arising out of the negligence of the third party tort feasor; hence the cause of action accrues at the time of the negligent act. No matter who may be the party plaintiff, the cause of action is one within the express terms of subdivision 3 of section 340 of the Code of Civil Procedure.

That section is a special statute controlling the time within which any action covering such injury may be commenced, and it prevails over the general statute applicable to actions based upon a "liability created by statute." (Code Civ. Proc., § 338, subd. 1.) In line with this principle, the one-year statute has been held applicable to an action for personal injuries based upon the liability of the owner of an automobile for imputed negligence of the driver thereof under section 402 of the Vehicle Code (Franceschi v. Scott, 7 Cal. App.2d 494, 495-496 [46 P.2d 764]) and to an action for personal injuries based upon the liability of the driver's parents who had signed and verified the driver's application for an operator's license as required by section 352 of the Vehicle Code (McFarland v. Cordiero, 99 Cal.App. 352, 354-355 [278 P. 889]). Certainly if such principle applies in cases where a new person, by virtue of statutory authority, may be sued on a personal injury claim (see Ridley v. Young, 64 Cal.App.2d 503, 509 [149 P.2d 76]), it should apply here where a new person, under statutory authority, may sue on a personal injury claim. There is nothing in the Labor Code (§§ 3850-3863) which would indicate an intention to impose a greater burden on the tort feasor if recovery on the employee's damage claim is sought by the employer or its insurance carrier rather than the injured employee insofar as the time of suit is concerned. The tort liability to respond in

general damages of the personal injury claim remains the same. To hold otherwise would produce the anomalous result whereby the employee's tort action would be barred if he undertook to prosecute it and yet the employer or its insurance carrier could recover damages at a later date for the employee on that same cause of action. Accordingly, plaintiff unavailingly argues that its "fourth cause of action" is governed by the general three-year statute of limitations applicable to a "liability created by statute." (Code Civ. Proc., § 338, subd. 1.)

During the pendency of the appeal it was suggested that the judgment of dismissal of the fourth cause of action was not a final judgment, and was therefore not appealable. (Code Civ. Proc., § 963.) Counsel were then asked to stipulate regarding the status of the record. According to their stipulation, the complaint was filed with one plaintiff and two defendants and embodied four causes of action: the first is against the Pacific Gas and Electric Company to recover on plaintiff's own behalf the sum of $1,684.12, being the alleged amount of compensation benefits paid by it to the injured employee; the second is against the Pacific Gas and Electric Company to recover as statutory trustee for the injured employee (Lab. Code, § 3854) the sum of $50,000 being the alleged general damages suffered by the injured employee; the third is similar to the first but against Bechtel Corporation to recover on plaintiff's own behalf the same alleged amount of compensation benefits paid by it to the injured employee; and the fourth is similar to the second but against Bechtel Corporation to recover as statutory trustee for the injured employee the same alleged general damages suffered by him. Defendant Pacific Gas and Electric Company has never appeared in the action.

The nonappearance of defendant Pacific Gas and Electric Company in this action does not preclude the judgment with respect to the other appearing defendant from being a final appealable judgment. (*Rocca v. Steinmetz*, 189 Cal. 426, 428 [208 P. 964]; *Howe v. Key System Transit Co.*, 198 Cal. 525, 529 [246 P. 39]; *Young v. Superior Court*, 16 Cal.2d 211, 215 [105 P.2d 363]; *Weisz v. McKee*, 31 Cal. App.2d 144, 147 [87 P.2d 379].) While there appears to be no authority on the effect of the admitted nonadjudication of the third cause of action in relation to the finality of the judgment entered on the fourth cause of action in favor of the same defendant, Bechtel Corporation, practical considera-

tions and legal principles sustain the propriety of treating these two causes of action as separate matters for litigation in the discretion of the court. (See Code Civ. Proc., § 579.)

The judgment on the fourth cause of action was a final determination of the rights of plaintiff as statutory trustee seeking to recover general damages for the benefit of the injured employee. As a final determination of the rights of plaintiff *in that capacity*, such judgment should be regarded as having the same measure of finality as would a similar judgment in an action in which there were two plaintiffs seeking their respective damages from the same defendant on two severable causes of action: (1) the insurance carrier for recovery of its own compensation expenditures; and (2) the injured employee for recovery of his own general damages. Such cases as *Mather* v. *Mather*, 5 Cal.2d 617 [55 P.2d 1174], and *Greenfield* v. *Mather*, 14 Cal.2d 228 [93 P.2d 100], involve an entirely different situation in that there each of the successive judgments left undetermined between the same parties in their same individual capacities another alleged cause or causes of action for the same identical relief. Under the circumstances here, we conclude that the judgment of dismissal of the fourth cause of action is a final judgment within the meaning of section 963 of the Code of Civil Procedure and is therefore appealable.

The judgment is affirmed.

Gibson, C. J., Edmonds, J., and Schauer, J., concurred.

CARTER, J.—I dissent.

The appeal in this case should be dismissed as there is no final judgment, but if the case is to be decided on its merits, the three-year statute of limitation for a liability created by statute is applicable, and the judgment should be reversed. (Code Civ. Proc., § 338(1).)

On the question of appeal, it appears that there is yet no final judgment in the action from which an appeal may be taken. The record shows that the complaint on file purported to state four causes of action. The first asserts negligence on the part of one defendant, Pacific Gas and Electric Company, resulting in injury to Cabella, an employee of plaintiff's insured, in the course of his employment and the payment of workmen's compensation to him. The second realleges the allegations of the first and claims Cabella was damaged by the injury in the sum of $50,000. In the third,

the allegations of the first are again adopted and it alleges another defendant, Bechtel, was also negligent, and claim is made for payments made for workmen's compensation. The fourth realleges the third and claims damages to Cabella of $50,000.

Apparently defendant Pacific Gas and Electric Company did not demur. At any rate, that is not here important. The third and fourth causes of action were for defendant Bechtel's negligence in injuring Cabella, the employee, the third asking as damages only the amount paid by plaintiff to Cabella for workmen's compensation and the fourth for additional damages suffered by Cabella. The demurrer was sustained as to the fourth cause only and the judgment entered dismissed that cause of action *only*. The appeal was taken from that judgment. That judgment *is not appealable* for there can be but one judgment in an action. After trial on the third cause of action is had, another judgment would be entered. That is to say, there cannot be separate judgments on different causes of action where the same parties are involved. The judgment dismissing the fourth cause of action is interlocutory and hence not appealable. (*Mather* v. *Mather*, 5 Cal.2d 617 [55 P.2d 1174]; *Bank of America* v. *Superior Court*, 20 Cal.2d 697 [128 P.2d 357]; *Greenfield* v. *Mather*, 14 Cal.2d 228 [93 P.2d 100]; *Sjoberg* v. *Hastorf*, 33 Cal.2d 116 [199 P.2d 668].) The rule is stated in *Bank of America* v. *Superior Court, supra*, 20 Cal.2d 697, 701: ''They assume that there can be a piecemeal disposition of the several counts of a complaint. They assume, when there is more than one count in a complaint, and a demurrer is interposed and sustained, and a judgment of dismissal entered, that there are as many separate judgments as there are counts in the complaint. That is not the law. There cannot be a separate judgment as to one count in a complaint containing several counts. On the contrary, there can be but one judgment in an action no matter how many counts the complaint contains. (*De Vally* v. *Kendall De Vally O. Co., Ltd.*, 220 Cal. 742 [32 P. (2d) 638]; *Mather* v. *Mather*, 5 Cal. (2d) 617 [55 P. (2d) 1174]; *Potvin* v. *Pacific Greyhound Lines, Inc.*, 130 Cal.App. 510 [20 P. (2d) 129].) In the De Vally case, *supra*, a demurrer was sustained and a judgment entered dismissing two counts of a four-count complaint. The court held that the judgment was premature, and dismissed the appeal from it, and stated (p. 745): 'Although the matter is not mentioned by counsel for either side, it appears that the court should not have

given a judgment herein until the final disposition of the entire cause. The law contemplates but one final judgment in a cause. As stated in the case of *Nolan* v. *Smith,* 137 Cal. 360, 361 [70 Pac. 166], quoting from *Stockton etc. Works* v. *Glen Falls Ins. Co.,* 98 Cal. (557) 577 [33 Pac. 633] : ''There can be but one final judgment in an action, and that is one which in effect ends the suit in the court in which it was entered, and finally determines the rights of the parties in relation to the matter in controversy.'' ' This language was approved in the Potvin case, *supra,* where the court said (p. 512) : 'Since a final judgment in an action contemplates a complete adjudication of the rights of the parties and a final determination of the matter in controversy, it is apparent that the so-called judgment rendered upon the sustaining of a demurrer to one cause of action of a complaint without leave to amend, leaving five other causes of action unimpaired presenting matters to be litigated during a trial of the issues of fact, cannot be regarded as a final determination and disposal of the cause.' ''

The majority seeks to escape this rule by stating that because plaintiff was suing in one capacity in the third count of the complaint, that is, in his own right, and in the fourth count, as trustee for his injured employee, the judgment entered on the fourth count is a final judgment. That is to say, there could be two final judgments in the case, one on the third count and the other on the fourth count. The reason given is that it would be like a case where two plaintiffs, each seeking damages from the same defendant on ''severable'' causes of action, one being by the insurance carrier for its compensation expenditures and the other by the employee for his personal injuries.

The reasoning is faulty. The basic notion of one single judgment as stated in all the cases hereinabove cited is that all the factual issues should be settled in one judgment, unless on a collateral matter one of several parties presents issues which are finally adjudicated as to him. In the instant case there are not two parties plaintiff in any true sense because the recovery by plaintiff on either cause of action rests upon identical issues: Was the defendant negligent? Was plaintiff's injured employee contributively negligent? If defendant was negligent and plaintiff's employee not, how much damages has the latter suffered? Plaintiff as employer is not entitled to recover any amount on his own behalf unless he is entitled to recover on behalf of his employee, and if he is entitled

to recover on behalf of the latter, the right of the employer to recover what he has paid in compensation and medical expenses follows as a matter of course; there is really no issue on the right to recover those two items of damage. Hence there cannot be any finality to a judgment as to the employer and not as to the employee or vice versa, whether either or both or one or the other is suing. Thus, this is not in fact a severable action to the extent at least that two judgments are required or proper.

The law authorizes these causes of action to be joined, and it is at least doubtful that they could be brought separately. Certainly, if they were brought separately, a judgment on one as to liability would be res judicata as to the other. Suppose the statute of limitation had not run, could plaintiff now bring another action on behalf of the employee? It seems obvious to me that it could not. Then how can separate judgments be rendered in this action if only one action could be brought?

With reference to the statute of limitation, the majority holds that inasmuch as a personal injury is involved the one-year statute (Code Civ. Proc., § 340(3)) applies rather than the three-year period for a statutory liability. That conclusion is reached by construing the provision relating to an injury to a person as being special or particular whereas the one dealing with statutory liability is general and the particular controls over the general. The effect of this holding is that *every action or proceeding mentioned in the limitation statutes* prevails over the statutory liability provision regardless of whether the liability is or is not created by statute. This is true because all of them would be particular, like an injury to a person, and thus controlling over the statutory liability section. The result is to give to the statutory liability section no more effect than if it were an omnibus or catch-all provision. That it was not intended as such is plain. The Legislature has expressly enacted such a statute. (Code Civ. Proc., § 343.) The statutory liability section is read out of the books as the test is no longer whether or not the liability is created by statute, as all the previous authorities supposed, it is whether there is some other provision fitting the case.

There is no basis for the assumption that the personal injury section is particular and the statutory liability general. On the contrary, there are undoubtedly more of the former than of the latter.

The cases demonstrate that the test of whether a liability is created by statute and thus controlled by the limitation statute, is whether, except for the statute there would not be liability; the test is not that stated by the majoriy. In *Barber* v. *Mulford,* 117 Cal. 356 [49 P. 206], it was held that a mandamus proceeding to compel the payment of a claim against a county based on *contract* was a statutory liability because it was the county's duty by statute to pay it. Recovery of commissions by the district attorney on moneys collected by him from the county is governed by the three-year statute, not the two-year period for liabilities not founded on a written instrument. (*Higby* v. *Calaveras County,* 18 Cal. 176.) An action on the official bond of an officer is controlled by the three-year statutory liability provision although the bond is a contract. (*County of Sonoma* v. *Hall,* 132 Cal. 589 [62 P. 257, 312, 65 P. 12, 459]; *Norton* v. *Title Guaranty & Surety Co.,* 176 Cal. 212 [168 P. 16]; *Hellwig* v. *Title etc.* Co., 39 Cal.App. 422 [179 P. 222].)

Here it is clear that in the absence of statute the employer would have no cause of action for injuries suffered by his employee, hence, the liability, if any, is created by statute, and the three-year statute of limitation applies.

Shenk, J., concurred.

TRAYNOR, J.—I dissent.

I agree with Mr. Justice Carter that the appeal should be dismissed for the reasons set forth in his opinion.