[Civ. No. 46918. Second Dist., Div. Two. Apr. 21, 1976.]

THE PEOPLE ex rel. WILLIAM CAMIL, as City Attorney, etc.,
Plaintiff and Appellant, v.
BUENA VISTA CINEMA et al., Defendants and Respondents.

[Civ. No. 46919. Second Dist., Div. Two. Apr. 21, 1976.]

CITY OF DUARTE et al., Plaintiffs and Appellants, v.
BUENA VISTA CINEMA et al., Defendants and Respondents.

**COUNSEL**

William Camil, City Attorney, in pro. per., and James J. Clancy for Plaintiffs and Appellants.

Lappen, Abelson & Harris and Jonathan Bailey Lappen for Defendants and Respondents.

**OPINION**

**COMPTON, J.**—The City of Duarte (plaintiff)[1] instituted two separate actions in the Superior Court of Los Angeles County to abate a public nuisance. Both actions were directed against Buena Vista Cinema,[2] a motion picture theater situated in the City of Duarte, where, according to the allegations of the complaint, obscene motion pictures were continuously exhibited.

Case No. C107347 was based upon provisions of a Duarte City Ordinance and a resolution of the City Council adopted pursuant thereto. Case No. C107771 was based upon the California Red Light

---

[1]In case No. C107771, the plaintiffs were the City of Duarte and a councilman of Duarte. In case No. C107347, the plaintiff was the People ex rel. William Camil, City Attorney of the City of Duarte, California. For convenience we refer to a singular plaintiff.

[2]Various individuals and corporations who allegedly had some interest in the facility were also joined as defendants.

Abatement Act (Pen. Code, § 11225 et seq.) and the general public nuisance statutes (Civ. Code, §§ 3479, 3480). In both actions the plaintiff moved for a temporary injunction pending trial.

The two cases were duly consolidated. The trial court sustained a demurrer without leave to amend and dismissed case No. C107771. In case No. C107347, the court sustained a demurrer *with* leave to amend and denied the motion for a preliminary injunction. No order of dismissal was entered.

Plaintiff noticed an appeal from the judgment of dismissal in case No. C107771 and from the order sustaining the demurrer and denying the motion for a preliminary injunction in case No. C107347.

The judgment of dismissal entered in case No. C107771 is appealable. The order sustaining the demurrer with leave to amend is not appealable, (Code Civ. Proc., § 904.1) and although an order denying a preliminary injunction is appealable, such an appeal would not be entertained where as here the underlying cause lacked viability.

Where actions are consolidated, however, the allegations of the complaints can be treated as one pleading. (*Staub* v. *Muller,* 7 Cal.2d 221 [60 P.2d 283]; *Simpson* v. *Bergmann,* 125 Cal.App. 1 [13 P.2d 531].) We consider that plaintiff's filing of a notice of appeal in case No. C107347 constituted a refusal to amend. Further, in our opinion, as we shall point out, plaintiff was incapable of amending the complaint to plead a cause of action based on the city ordinance. The appropriate procedure would have been to enter a dismissal as to all counts. In order to avoid unnecessary delay we on our own motion amend the judgment of dismissal in case No. C107771 to include a dismissal of case No. C107347. (*Mather* v. *Mather,* 5 Cal.2d 617 [55 P.2d 1174]; 6 Witkin, Cal. Procedure (2d ed.) Appeal, § 49, pp. 4064, 4065.) We treat this as an appeal from a dismissal as to both cases.

█ The disposition of this case insofar as the causes of action based on the public nuisance statutes and the Red Light Abatement Act are concerned is controlled by *People* ex rel. *Busch* v. *Projection Room Theater* *(Cal.), filed March 4, 1976. In that case it was held that the exhibition of obscene material could be restrained as a public nuisance under the general public nuisance statutes but that the Red Light Abatement Act did not apply to obscene books or films.

*Reporter's Note: Opinions vacated by Supreme Court on June 1, 1976, and opinions in lieu thereof were filed that date; see 17 Cal.3d 42 [130 Cal.Rptr. 328, 550 P.2d 600].

Thus the trial court here erred in sustaining the demurrer without leave to amend to that cause of action which seeks relief under the public nuisance statutes. (Civ. Code, §§ 3479, 3480.) As to the cause of action seeking to apply the Red Light Abatement Act the demurrer was properly sustained.

We now turn to the effect of the Duarte city ordinance and city council resolution which were pleaded as another theory of relief in case No. C107347.

Duarte city ordinance No. 369, which was adopted November 12, 1974, (see appendix) purports to declare that the public exhibition of obscene films is a nuisance and creates a procedure whereby the city council can declare the existence of such a nuisance (which perforce includes a determination of the obscene character of the films) and direct the city attorney to undertake abatement proceedings. Resolution No. 74-32 adopted November 26, 1974, specifically found the Buena Vista Theater to be a public nuisance. The city attorney by that resolution was directed "to take all steps necessary to abate such nuisances by the judicial proceedings specified [in the Ordinance]."

As will be discerned from a reading of city ordinance No. 369, it attempts to designate various individuals who shall be deemed liable for the maintenance of the nuisance and it also purports to specify various forms of relief to be obtained in the abatement proceedings. It appears, although in somewhat different terminology, to restate prevailing law in defining obscenity.

Plaintiff relies on Government Code section 38771 as authority for its enactment. That statute provides: "By ordinance the city legislative body may declare what constitutes a nuisance."

Further, Government Code section 38773 provides: "The legislative body may provide for the summary abatement of any nuisance at the expense of the persons creating, causing, committing, or maintaining it and by ordinance may make the expense of abatement of nuisances a lien against the property on which it is maintained and a personal obligation against the property owner."

Government Code section 38773.5 provides: "The legislative body may by ordinance establish a procedure for the abatement of a nuisance and make the cost of abatement of a nuisance upon a parcel of land a special assessment against that parcel. The assessment may be collected at the same time and in the same manner as ordinary municipal taxes are collected, and shall be subject to the same penalties and the same procedure and sale in case of delinquency as provided for ordinary municipal taxes. All laws applicable to the levy, collection and enforcement of municipal taxes shall be applicable to such special assessment."

Of course, the exercise of the powers granted by the foregoing statutes is limited by the constitutional requirement of due process of law. (*Leppo* v. *City of Petaluma,* 20 Cal.App.3d 711 [97 Cal.Rptr. 840].) The elements of due process in the application of abatement proceedings to restrain the exhibition of films, an activity which presumptively enjoys First Amendment protection, are suggested by language in *People* ex rel. *Busch* v. *Projection Room Theater, supra.*

The first and foremost requirement is a judicial determination, prior to abatement, of the obscene character of the films under prevailing law. Patently the City Council could not, by ordinance, adopt its own definition of obscenity and even the most formal administrative proceeding to determine the issue of obscenity, under prevailing law, could not suffice as a substitute for a judicial determination. Further, the Council's Resolution that particular films were obscene would not be binding on the court in any abatement proceedings instituted thereafter.

Neither summary abatement nor temporary injunction is constitutionally permissible as a remedy in this type of abatement proceedings.

"[N]o injunctive relief, whether temporary or permanent in nature, may be afforded until defendant has been given a full and fair judicial hearing on the issue of obscenity, and an opportunity to obtain prompt judicial review of that issue by the state appellate courts." (*People* ex rel. *Busch* v. *Projection Room Theater, supra.*\*) Here the trial court quite properly denied plaintiff's motion for a temporary injunction.

The Supreme Court in *Busch* did not undertake to detail the specific form of relief which might be available following a court's determination that the exhibition constituted a nuisance. That decision, however, makes it clear that the *court* shall fashion the relief that is "proper and suitable"

---

*Reporter's Note: The quoted language was not carried into the latter opinion, see Reporter's Note, *ante,* at page 500.

for each case. Thus a municipality may not, by ordinance, fashion that relief in advance.

In sum, a municipality under the authority of Government Code sections 38771, 38773 and 38773.5, may not arrogate unto itself any greater power to abate as a nuisance the exhibition of films and books than is afforded by the state nuisance statutes as interpreted and applied in *Busch.*

It was observed in *Busch,* at page 55, that "Once a community through its public officials has determined that a particular display of obscene materials amounts to a public nuisance which is injurious to the safety and morals of that community, no valid reason exists why, adequate constitutional procedural safeguards being met, the remedy of civil abatement proceedings must be denied such community."

The procedure adopted by the City of Duarte in ordinance No. 369 thus may operate as, and only as, a local internal mechanism for determining when the city will institute judicial proceedings to abate a public nuisance. The ordinance, however, does not and cannot itself create a cause of action for the city nor establish the liability of any particular individual nor prescribe any particular form of relief. The cause of action is created and the remedy is prescribed by Civil Code sections 3479, 3480 and 3491.

The judgment of dismissal as amended in case No. C107347 is affirmed. The judgment of dismissal in case No. C107771 as to the cause of action based on the Red Light Abatement Act (Pen. Code, § 11225 et seq.) is also affirmed. The judgment of dismissal in case No. C107771 as to the cause of action based on the public nuisance statutes (Civ. Code, §§ 3479, 3480) is reversed and the trial court is directed to enter its order overruling the demurrer to that cause of action.

Roth, P. J., and Beach, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 17, 1976.

APPENDIX

"ORDINANCE NO. 369

An Ordinance of the City of Duarte Declaring the Commercial Exploitation of Patently Offensive Sexual Conduct in Lewd Films and Theatres Exhibiting the Same to Be a Public Nuisance and Ordering Their Abatement

THE COUNCIL OF THE CITY OF DUARTE DOES ORDAIN AS FOLLOWS:

*Section 1.* PURPOSE AND EFFECT.

The City Council finds that the crass commercial exploitation of explicit sexual conduct through the public exhibition of lewd films constitutes a debasement and distortion of a sensitive key relationship of human existence, central to family life, community welfare and the development of human personality; is indecent and offensive to the senses and interferes with the comfortable enjoyment of life and property, in that such interferes with the interest of the public in the quality of life and total community environment, the tone of commerce in the City, property values, and the public safety; and that the continued operation of such activities is detrimental to the best health, safety, convenience, good morals and general welfare of the City of Duarte, and of the residents, citizens, inhabitants and businesses thereof. Pursuant to §§ 38771, 38773 and 38773.5 of the Government Code, § 731 of the Code of Civil Procedure, and §§ 3479, 3480, 3491 and 3494 of the Civil Code, the City Council hereby declares such activities to be a public nuisance, and herein establishes procedures for the abatement thereof. This ordinance shall apply to existing establishments which are presently engaged in the type of activity herein declared to be a public nuisance.

*Section 2.* DEFINITIONS.

(A) "Lewd Film" means any motion picture film:
(1) which the average person, applying contemporary community standards, would find, when considered as a whole, appeals to the prurient interest; and
(2) which depicts or describes patently offensive representations or descriptions of: (a) ultimate sexual acts, normal or perverted, actual or simulated; or (b) masturbation, excretory functions, or lewd exhibition of the genitals or genital area.

Nothing herein contained is intended to include or proscribe any film which, when considered as a whole, and in the context in which it is used, possesses serious literary, artistic, political or scientific value.

(B) "Place" includes, but is not limited to, any building, structure or place, or any separate part or portion thereof, whether permanent or not, or the ground itself.

(C) "Motion picture film" shall include any: (1) film or plate negative; (2) film or plate positive; (3) film designed to be projected on a screen for exhibition; (4) films, glass slides or transparencies, either in negative or positive form designed for exhibition by projection on a screen.

(D) "Person" means any individual, partnership, firm, association, corporation, or other legal entity.

(E) "Knowledge" means having knowledge of the contents and character of the patently offensive sexual conduct which appears in such lewd film.

*Section 3.* LEWD FILMS AND THEATRES EXHIBITING THE SAME DECLARED A PUBLIC NUISANCE, ABATEMENT THEREOF.

(A)  Any and every place in the City of Duarte where lewd films are publicly exhibited as a regular course of business, or possessed for the purpose of such exhibition; and any and every place in the City of Duarte where a lewd film is publicly and repeatedly exhibited, or possessed for the purpose of such exhibitions, is a public nuisance.

(B)  Any and every lewd film which is publicly exhibited or possessed for such purpose in the City of Duarte is a public nuisance per se.

(C)  From and after service on the theatre, or its manager, or acting manager, or person then in charge of such place, of a certified copy of this ordinance and a certified copy of the Resolution and order of summary abatement provided for in Section 4 hereof, all moneys paid thereafter as admission price to such exhibitions are also declared to be a public nuisance, as personal property used in conducting and maintaining a declared public nuisance.

(D)  Upon receiving notice through service of a certified copy of this ordinance and of a certified copy of the Resolution and order of summary abatement provided for in Section 4 hereof, any and every person who shall own, legally or equitable, lease, maintain, manage, conduct, or operate a place in the City of Duarte which is declared to be a public nuisance as set forth and stated in Subsection (a) of this Section 3 is deemed to be a person who has knowledge of such nuisance for the purpose of this ordinance and is, thereafter, responsible for its maintenance, and shall be liable therefor.

(E)  The places and subject matter declared to be public nuisances under Subsections (A) through (C) of this section shall be abated pursuant to Government Code §§ 38773 and 38773.5, Code of Civil Procedure § 731, and Civil Code §§ 3491 and 3494, as provided for herein.

*Section 4.* ACTION TO BE TAKEN BY CITY COUNCIL.

Upon a specific finding that a public nuisance, as defined in Section 3 of this ordinance, exists in the City of Duarte, the City Council, in applying the provisions of this ordinance to such nuisance, shall provide for the following by Resolution:

(A)  Declare the fact that such nuisance exists.

(B)  Set forth the description or legal description and street address of the real property which constitutes the nuisance.

(C)  Set forth the evidentiary facts considered by the City Council in arriving at its factual determination that a lewd film or films, as defined in Section 2(A) hereof, are publicly exhibited or possessed for exhibition at such real property and are public nuisances as declared herein, including a recitation of the particular sexual conduct and acts which the City Council finds are patently offensive.

(D)  Order all persons named in Section 3(D) hereof to summarily abate such public nuisances immediately, by terminating the exhibitions of such lewd film or films, or causing the same to be terminated, and voluntarily surrendering possession of the same to the court having jurisdiction of the legal proceedings brought by the City Attorney, pursuant to Sections 4(E) and 6 of this ordinance, and notifying the City Clerk and City Council of compliance therewith by sworn affidavit, as authorized by Government Code § 38773, and as ordered by the action of the City Council in such resolution.

(E) Order the City Attorney to proceed as directed in Section 6 of this ordinance and do all things necessary to abate such public nuisance through judicial proceedings and to conclude such proceedings as expeditiously as is permissible under the law, including requesting the court to advance such proceedings on the calendar of the court.

(F) Inform and give notice to persons named in Section 3(D) that: (1) the City Council has determined that a public nuisance presently exists at such place and address, and that, under Section 3(D) of said ordinance, they are deemed to have knowledge thereof and are responsible therefor; (2) the City Council has ordered the City Attorney, as provided for under Section 6 hereof, to commence legal proceedings naming such persons as defendants in a civil action to abate the same judicially under Civil Code § 3494 and Code of Civil Procedure § 731, as a supplemental remedy to the summary abatement process, authorized by Government Code § 38773 and ordered by the City Council in Section 4 of said ordinance, and that under Sections 5(A) and 5(B) of this ordinance, the costs of abatement of such civil abatement action filed under Civil Code § 3494 and Code of Civil Procedure § 731, including investigative costs, court costs, attorney's fees, and other expenses, are made a special assessment against the parcel of land upon which such nuisance is being maintained and, upon their determination in such court action, will, by separate ordinance, be made a lien against such property and a personal obligation against the theatre operator and property owner. (3) all films being used in conducting and maintaining such public nuisance are contraband and the subject of forfeiture. (4) from and after service on the theatre or its manager or acting manager, or person then in charge of such place, of a certified copy of this ordinance and a certified copy of such Resolution, any and all moneys paid as admission price to such exhibitions are a public nuisance, as personal property used in conducting and maintaining such nuisance and, as such, are the subject of forfeiture.

(G) Order that a certified copy of said Resolution and a certified copy of this ordinance be delivered in any manner normally used to effectuate personal service of process as directed in Code of Civil Procedure §§ 415.10 through 416.90, to all persons of record having any legal or equitable interest in the real property, and to the regular or acting manager or persons in charge of the place therein declared a public nuisance.

*Section 5.* ACTION BROUGHT PURSUANT TO CIVIL CODE §§ 3494, ET AL.: FORFEITURE TO THE GENERAL FUND OF THE CITY, COST OF ABATEMENT; MANNER OF COLLECTION.

(A) Upon judgment against the operators of the theatre in legal proceedings brought pursuant to Civil Code §§ 3491 and 3494, and Code of Civil Procedure § 731, an accounting shall be made by such defendant or defendants of all moneys received by them which have been declared to be a public nuisance under Section 3(C) of this ordinance. Such moneys or their equivalent shall be forfeited to the general fund of the City of Duarte.

(B) The cost of abatement shall include the following: (1) investigative costs, (2) court costs, (3) reasonable attorney's fees arising out of the preparation for, and trial of the cause, and appeals therefrom, (4) printing costs of trial and appellate briefs, and all other papers filed in such proceedings.

Such cost of abatement is hereby made a special assessment against the parcel of land upon which such nuisance is maintained. Upon its determination in a civil action under Civil Code § 3494 and Code of Civil Procedure § 731, such shall, by special ordinance, be made a lien against such property and a personal obligation against the theatre operator and property owner and shall be collected at the same time and in the same manner as ordinary municipal taxes are collected, and shall be subject to the same penalties and the

same procedure and sale in the case of delinquency as provided for ordinary municipal taxes. All laws, applicable to the levy, collection and enforcement of municipal taxes, shall be applicable to such special assessment.

*Section 6.*                    ACTION TO BE TAKEN BY CITY ATTORNEY.

Upon a specific finding by Resolution of the City Council of the fact that a public nuisance exists at a particular location, the City Attorney shall:

(A) Not later than three days after passage of said resolution, commence legal proceedings under Civil Code §§ 3491 and 3494 and Code of Civil Procedure, § 731, by the filing of a civil action seeking the following relief:

(1) A Declaratory Judgment that the motion picture or pictures named by the City Council are lewd films.

(2) A Declaratory Judgment that the films found to be lewd are public nuisances under this ordinance and such Resolution.

(3) A Declaratory Judgment that the place named by the City Council where the film or films are being exhibited is a public nuisance under this ordinance and such Resolution.

(4) An accounting of all moneys paid as admission price to the operators of the theatre from and after the time the persons maintaining said nuisance receive notice of the finding by the City Council that the public nuisance exists, and a Declaratory Judgment that such moneys are a public nuisance under this ordinance.

(5) An order that all admission price moneys derived from the showing of the named lewd film or films and enumerated in the Court ordered accounting be forfeited to the general fund of the City of Duarte as contraband.

(6) An injunction enjoining and restraining all persons guilty of maintaining said nuisance from exhibition in public the named lewd films at any time in the future in the City of Duarte.

(7) An Order that all positive prints of the named lewd films be forfeited as contraband under this ordinance.

(8) Judgment for the City of Duarte for all costs therein expended, including investigative costs, court costs, reasonable attorney's fees, and such other expenses as are provided for herein.

(9) All other relief as the Court may deem proper.

(B) File a notice of the pendency of the action in the office of the County Recorder of the County of Los Angeles, pursuant to Code of Civil Procedure § 409, giving the names of the parties, the object of the action, and a description of the property thereby affected.

*Section 7.*                    SEVERABILITY CLAUSE.

If any court shall determine that any word, clause, phrase, sentence, paragraph, or subsection of this ordinance is unconstitutional as worded, the Court shall first attempt to construe or interpret such unconstitutional provision so as to enable same to be constitutional as so narrowed or construed. If the Court cannot so limit or construe such word or provision narrowly so as to render same constitutional, it shall strike or modify only the minimum number of words, phrases, clauses, sentences or paragraphs as will be absolutely necessary to render the remainder constitutional. In no case shall a subordinate clause or phrase or word render its attached major section or provision unconstitutional, but instead shall be severed therefrom entirely, unless such severance renders the remainder wholly meaningless or unconstitutional.

---

*Section 8.*                    SUPERSEDES PRIOR ORDINANCE.

This ordinance supersedes Ordinance No. 367, adopted on September 10, 1974. However, the adoption of this ordinance and the repeal of said Ordinance No. 367 shall not in any manner affect the prosecution for violations of Ordinance No. 367, which violations were committed prior to the effective date of this ordinance.

*Section 9.*                         URGENCY CLAUSE.

Pursuant to the provisions of Subsection (b) of § 36937 of the Government Code of the State of California, this ordinance is for the immediate preservation of the public peace, health and safety and shall take effect immediately. The facts constituting the urgency are as follows:

The purpose of this ordinance, as is evident from its content, is to enable the City of Duarte to abate the type of public nuisance being committed within the City. The City Council deems the showing of lewd films, as defined herein, as being a public nuisance contrary to the public peace, health and safety of the City and its residents. This ordinance makes certain procedural changes in previously adopted and effective Ordinance No. 367, but does not make any changes in substance. The City Council deems it necessary for the immediate preservation of the public peace, health and safety that immediate action be taken to abate said public nuisance pursuant to the terms of this ordinance.

PASSED AND ADOPTED this 12th day of November, 1974, by the following called vote:

AYES: Councilmen: Montgomery, Coughlin, Anderson, Falkenborg.
NOES: Councilmen: Watson
ABSENT: Councilmen: None